

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

C.A. NO.: 3:00 CV 0973(AHN) (HBF)

2003 NOV -3 P 4: 29

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| TIMOTHY HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMPASS GROUP USA, INC., | ) |
| d/b/a EUREST DINING SERVICES | ) |
| and CARY ORLANDI, | ) |
| | ) |
| Defendants. | ) |

**LOCAL RULE 56(a)(1) STATEMENT
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON ALL COUNTS OF PLAINTIFF'S COMPLAINT**

Pursuant to Local Rule of Civil Procedure 56(a)(1), defendants Compass Group USA, Inc. ("Compass") and Cary Orlandi ("Orlandi") submits the following statement of material and undisputed facts in support of its Motion for Summary Judgment seeking dismissal of the Complaint:

1.  At the time of his termination on June 1, 1998, Hayes was 47 years old and employed as a Regional Manager in the Northeast Region of Compass' Eurest division. (Complaint, ¶¶ 13, 14, attached at Tab Y to Counsel Aff.[1]).

2.  Approximately one and a half years earlier, in January 1996, defendant Cary Orlandi was promoted to the position of Regional Vice President of Eurest. (Orlandi Depo. I, pp. 29-30, attached at Tab A to Counsel Aff.[2]) When Orlandi assumed the position of Regional Vice President, Hayes, a District Manager at the time, began

---
[1] All references to the Affidavit of Counsel authenticating documents supporting this Statement will be cited as follows: "[document], p. __, attached at Tab __ to Counsel Aff."
[2] "Orlandi Depo. I" refers to the deposition of Cary Orlandi on March 9, 2001.

reporting to him. (Orlandi Depo. I, p. 102-104, Tab A). Hayes had been a District Manager for approximately 18 years. (Hayes Depo. I, pp. 62-63, attached at Tab B to Counsel Aff.[3]) In or about June 1996, Orlandi promoted Hayes to the position of Regional Manager. (Orlandi Depo. I, p. 138-139, Tab A; Hayes Depo. I, p. 63-64, 77, Tab B). Until his promotion, Hayes had "relatively little" contact with Orlandi. (Hayes Depo. I, pp. 76 Tab B).

3. Hayes, who was born on September 30, 1950, was 46 years old when promoted. (See Profile and Change Form for 12/96, COM 0045-0047, attached at Tab C to Counsel Aff.).

4. Although in 1996 it appeared to Orlandi that Hayes was performing competently as a District Manager, during 1997 Orlandi was able to observe Hayes' performance more closely. (Orlandi Depo. I, p.151, Tab A). As a result, Orlandi became aware of performance problems on Hayes' part. Id.

5. On August 5, 1997, Orlandi authored a memorandum to Hayes, inquiring about Hayes' "poor performing accounts." (See Memorandum from Orlandi to Hayes, dated August 5, 1997, COM 0031-44, COM 0342-343, attached at Tab D to Counsel Aff.) Orlandi observed that thirteen (13) of the accounts under Hayes' authority were in need of improvement and were showing increased sales but decreased profits. Id.

6. On August 13, 1997, Compass received the results of a customer satisfaction study showing that Dow Jones, an account under Hayes' authority, was unhappy with the service it was receiving from Compass. (Orlandi Depo. I, p.154-155, Tab A). Orlandi wrote to Hayes to express his disappointment with the results of the customer survey and Hayes' handling of problem accounts. (See Memorandum from

---

[3] "Hayes Depo. I" refers to the deposition of Timothy Hayes on March 8, 2001.

Orlandi to Hayes, dated August 13, 1997, COM 0025-30, attached at Tab E to Counsel Aff.).

7. On September 24, 1997, Orlandi authored another memo to Hayes, describing what he viewed to be improper accounting practices and warning Hayes that such practices "could be grounds for immediate termination." (Memorandum from Orlandi to Hayes, dated September 24, 1997, COM 0021-24, attached at Tab F to Counsel Aff.). This letter was soon followed with another letter on September 30, 1997, detailing Orlandi's observations of deficiencies in Hayes' performance, including poor management of the District Managers under his authority, and warning Hayes that such conduct might result in termination. (Memorandum from Orlandi to Hayes, dated September 30, 1997, COM 0006, attached at Tab G to Counsel Aff.).

8. In October 1997, other accounts under Hayes' authority, Electric Boat and J.C. Penney, came under Orlandi's scrutiny because of financial problems at the accounts and client dissatisfaction. On October 9, 1997, Orlandi authored a memo describing his suggestions for improving the Electric Boat account. (Memorandum from Orlandi to Hayes, October 9, 1997, COM 0162-163, attached at Tab H to Counsel Aff.). Hayes acknowledged the problems with the account in a memo to Orlandi the following week. (Memorandum from Hayes to Orlandi, dated October 13, 1997, COM 0174-175, attached at Tab I to Counsel Aff.) Also in October, J.C. Penney informed Compass that it was dissatisfied with the service that Compass was providing and was considering putting the contract out to bid. (See Letter from Hayes to Orlandi and Bob Kelley, dated October 14, 1997, COM 0018, attached at Tab J to Counsel Aff.).

9.   By December 1997, Hayes had lost six accounts under his authority. Orlandi was dissatisfied with both Hayes' operating results and unexplained discrepancies in Hayes' financial reporting, leading Orlandi to rate Hayes' overall performance for the year as "Approaching Expectations", the performance rating below "competent" and above "marginal." (See Performance Evaluation for Timothy Hayes, dated December 15, 1997 COM 0014-17, attached at Tab K to Counsel Aff.; see also Memorandum for Orlandi re: Operating Results, dated December 16, 1997, COM 0014, attached at Tab L to Counsel Aff.).

10.  Hayes' performance did not improve in 1998. In January, Orlandi continued to observe and comment on discrepancies in Hayes' financial reports. (Memorandum from Orlandi to Hayes, dated January 12, 1998, attached at Tab M to Counsel Aff.).

11.  In March 1998, James Carothers, the president of the Eurest division, and Cary Orlandi intervened when another account under Hayes' authority, Middlesex Community College ("Middlesex"), terminated Compass' services and complained bitterly about the quality, or lack thereof, of service provided to the account. (See Letter from Carothers and Orlandi to Robert K. Berg, March 19, 1998, COM 0164-166, attached at Tab N to Counsel Aff.). At the time, Hayes claimed that Middlesex was disappointed to discontinue Compass' services but that it had to do so because of a lack of support in the state contract system. (see Memorandum from Hayes to Orlandi, dated March 25, 1998, COM 0382, attached at Tab O to Counsel Aff.). This, however, was not the case, as shown by the Declaration of Robert K. Berg, the Dean of Middlesex Community College, who stated:

> I can say without reservation that Tim Hayes failed to properly manage the food services at Middlesex Community College, and that he was completely unresponsive to my repeated pleas to make basic improvements to these food services. Mr. Hayes's lack of responsiveness and offensive personal style were so extreme that I decided to get the college's food from a local deli and to stop using Eurest.

(Berg Declaration, ¶ 3, dated September 5, 2003, attached at Tab P to Counsel Aff.).

12.  On April 13, 1998, Orlandi issued Hayes a final warning, describing Hayes' current performance problems at specific accounts and the need for Hayes' performance to improve immediately. (Memorandum from Orlandi to Hayes, dated April 13, 1998, COM 0007-9, attached at Tab Q to Counsel Aff.).

13.  Soon after this warning to Hayes, Compass received a letter from Compass' Food Service Directors for the Connecticut schools, complaining that Hayes had an extramarital affair and illegitimate child with one of his subordinates, and that subsequently he had forced one of his District managers to promote her, by-passing more qualified candidates. (See Letter to Canteen[4] from Connecticut Schools Food Service Directors, dated May 27, 1998, COM 0173, attached at Tab R to Counsel Aff.).

14.  On June 1, 1998, Orlandi terminated Hayes' employment. (See Letter from Orlandi to Hayes, dated June 1, 1998, COM 0374-378, attached at Tab S to Counsel Aff.). As he testified, Orlandi made the decision to terminate Hayes, doing so because of Hayes' "poor performance", which consisted of: "[n]ot telling the truth. Poor financial performance. Dissatisfied clients. Continued problems with the accounts ongoing. Continued counseling that showed little or no improvement." (Orlandi Depo. I, pp. 140-141, Tab A).

---

[4] Compass acquired Canteen Corporation in or about 1995.

15. At the time of his termination, Hayes rejected Compass' offer to pay him severance in the amount of five weeks' salary in exchange for his agreement to execute Compass' standard release of claims. (Hayes Depo. III, p. 66, attached as Tab T to Counsel Aff.[5]).

16. Soon after he was terminated, Hayes testified that he contacted Joan Wedekind, his former supervisor, inquiring about whether she might assist him in finding another position within the company. According to Hayes, Ms. Wedekind spoke to Mr. Hayes again several days later to tell him that she would be unable to find him another position, because Orlandi had "poisoned the well." (Hayes Depo. II, p. 336, Tab U).[6] Hayes testified that he did not ask Ms. Wedekind what was meant by this statement. Id.

17. Catherine Cape, a forty-year old female was hired to replace Mr. Hayes as Regional Manger. She assumed most of Hayes' responsibilities after he was terminated. (Orlandi Depo. I, pp. 90, 139-140, Tab A).[7]

18. At the time Orlandi terminated Mr. Hayes, the two men were the same age: 47. (Compass Group Employee Data Sheet of Cary Orlandi, attached as Tab Z to Counsel Aff.).

---

[5] "Hayes Depo. III" refers to the deposition of Timothy Hayes, Volume III, taken September 16, 2003.
[6] "Hayes Depo. II" refers to the deposition of Timothy Hayes, Volume II, taken July 5, 2001.
[7] Being over 40 years of age, Ms. Cape, like Mr. Hayes, was in the class of people protected by the ADEA.

19. Mr. Hayes has failed to offer any evidence or even allege that he was anything other than an at-will employee of Compass. (Complaint, Tab Y).

COMPASS GROUP USA, INC. AND
CARY ORLANDI,
By their attorneys,

_____
Christopher A. Kenney, Fed. Bar #: CT25017
Margaret H. Paget, Fed. Bar #: CT25016
Sherin and Lodgen LLP
100 Summer Street
Boston, MA 02110
(617) 646-2000

Dated: October 30, 2003

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 10-30-03

By overnight Mail

_____

7