## UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TIMOTHY HAYES** | : | **CIVIL ACTION NO:** |
| Plaintiff | : | **3:00CV0973(AHN)(HBF)** |
| | : | |
| **v.** | : | |
| | : | |
| **COMPASS GROUP USA, INC.,** | : | |
| **d/b/a  EUREST DINING SERVICES** | : | |
| **and CARY ORLANDI** | : | **January 5, 2003** |
| Defendants | : | |

## LOCAL RULE 56(a)2 STATEMENT OF PLAINTIFF IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule of Civil Procedure 56(a)2, the Plaintiff submits the following statement as to whether each of the facts asserted by the Plaintiff in his Local Rule 56(a)1 statement is admitted or denied.  This will be followed by a separate section of Plaintiff's Disputed Issues of Material Fact.

1.   Admitted that at the time of termination on June 1, 1998, Hayes was 47 years old.  Denied that he held, only, a Regional Manager position.

2.   The first sentence is admitted.  That Orlandi assumed the position of Regional Vice President and that Hayes was a District Manager at that time is admitted.  It is denied that Hayes reported at that time to Orlandi.  The balance of Paragraph 2 is admitted.

3.    Admitted.

4.    It is admitted that in 1996 Hayes was performing competently as District Manager.
The balance of Paragraph 4 is denied.

5.    The first sentence of Paragraph 5 is admitted.  That the memorandum states all of
the accounts were showing increased sales but decreased profits is denied.  The
balance of the second sentence is admitted.

6.    The first sentence of Paragraph 6 is admitted.  As to the second sentence, it is
denied Orlandi wrote concerning the "customer survey."  The only reference was
to the Dow Jones survey.  It is also denied the memorandum addressed "handling
of problem accounts."

7.    The first sentence of Paragraph 7 is admitted with the exception of the
characterization "another."  As to the second sentence of Paragraph 7, the Plaintiff
admits the existence and delivery of a September 30, 1997 memo.  However, said
memo speaks for itself, and the Plaintiff denies the alleged "deficiencies."  Further,
so much of the second sentence as indicates Hayes was warned his conduct might
result in termination is denied.

8.    The authenticity of the memorandum referenced in paragraph eight are admitted.
There were problems with the Electric Boat and JC Penny accounts as admitted.
The implication in paragraph eight that this was the fault of the plaintiff is denied.

9.    Authenticity of 12/15/97 evaluation admitted.  Balance of paragraph denied.

10.    Denied.

11.    The March letter from Mr. Carothers is admitted. The characterization of the Middlesex complaint is denied. It is denied that Middlesex took the initiative in terminating Compass. The characterization of Mr. Hayes' memorandum dated March 25, 1998 is denied. The plaintiff challenges the defendant's ability to site the Berg "declaration" support of the motion of summary judgement. 28 USC 1746 required that a declaration read in substantially the following form, "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date) (signature)." The declaration of Mr. Berg does not contain the portion of the statement stating "that the foregoing is true and correct." Therefore is not substantially in the form required by 28 USC 1746. The plaintiff objects to reference to this memorandum in consideration of the motion of summary judgement. In any event, the allegations contained in the declaration are denied. (See Hayes affidavit paragraph 42-13).

12.    Denied.

13.    Denied.

14.    The first sentence is admitted. The remainder of Paragraph 14 is denied.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Denied.

19.    Admitted for Summary Judgment purposes, only.


<u>Plaintiff's Disputed Issues of Material Fact</u>

Pursuant to Local Rule of Civil Procedure 56(a)2, the Plaintiff hereby submits his list of disputed

issues of material fact.  The first nineteen Paragraphs of this section correspond with Paragraphs 1

through 19 of the Defendants' Local Rule 56(a)1 Statement.  The remaining paragraphs are additional

facts, which the Defendant will probably dispute, submitted in opposition to the Defendant's motion.

1.    In addition to holding the position of Regional Manager, at the time of his

termination, Mr. Hayes also held the position of District Manager for the Central

Connecticut region.  (Affidavit of Timothy Hayes, Paragraph 9)

2.    At the time Mr. Orlandi assumed the position of Regional Vice President, Mr. Hayes

reported to Ms. Joan Wedekind not Mr. Orlandi.  (Hayes Affidavit, Paragraph 33)

3.    Admitted

4.    In 1996 and 1997 Mr. Hayes was performing competently.   (Hayes Affidavit,

Paragraphs 42, 45, and 46)

5.    The Memorandum of August 5, 1997 from Mr. Orlandi to Mr. Hayes stated "In <u>most</u>

cases these accounts show more sales but less profits because of increases in product

or labor."  (August 5, 1997 Memorandum from Orlandi to Hayes, Tab D, Affidavit

of Defendants' Counsel).  The memorandum did not say "all" accounts.

6.      Mr. Orlandi did not write to Mr. Hayes under date of August 13, 1997 expressing his disappointment with "the results of the customer survey." The Memorandum references only the survey "regarding Dow Jones." (See 8/13/97 Memorandum, Tab E, Affidavit of Defendants' Counsel)

7.      Paragraph 7 of the Defendants' Local Rule 56(a)1 Statement references "another" memorandum warning certain practices could be grounds for immediate termination. There is no evidence in the record of any prior memorandum constituting a warning of grounds for termination. (See entire record.) There was no such prior warning. As for the September 7, 1997 Memorandum (Tab G, Defendants' Counsel's Affidavit) the Defendants' characterization of the Memorandum is dispute, and the Memorandum does not contain a warning of termination.

8.      The authenticity of the memorandum referenced in paragraph eight are admitted. There were problems with the Electric Boat and JC Penny accounts as admitted. The implication in paragraph eight that this was the fault of the plaintiff is denied.

9.      That six accounts were closed is admitted. That the plaintiff "lost" the accounts, thus implying fault on the part of the plaintiff, is denied. That Mr. Orlandi rated Mr. Hayes "approaching expectations- plus" is admitted. The substance of the performance evaluation is denied.

10.     It is admitted Mr. Hayes' performance improved in 1998 without admitting the alleged deficiencies. The existence of the memorandum dated January 12, 1998 is

admitted but the remainder of the sentence is denied.

11.    The March letter from Mr. Carothers is admitted.  The characterization of the Middlesex complaint is denied.  It is denied that Middlesex took the initiative in terminating Compass. The characterization of Mr. Hayes' memorandum dated March 25, 1998 is denied.

The plaintiff hereby challenges the defendant's ability to site the Berg "declaration" in support of the motion of summary judgement. 28 USC 1746 requires that a declaration read in substantially the following form, "I declare under penalty of perjury that the foregoing is true and correct.  Executed on (date) (signature)." (Emphasis added)  The declaration of Mr. Berg does not contain the portion of the statement stating "that the foregoing is true and correct."  Therefore is not substantially in the form required by 28 USC 1746.  The plaintiff objects to consideration of this memorandum in deciding the Motion for Summary Judgement.

In any event, the allegations contained in the declaration are either irrelevant or denied.  (See Hayes affidavit paragraph 42-13)

12.    The April 13, 1998 memo, characterized as "final warning" to Hayes is disputed. First, Mr. Orlandi testified in his deposition the April 13, 1998 Memorandum was not given to Mr. Hayes. The May 4, 1998 version was the one given Mr. Hayes (Orlandi deposition pages 152-153 Tab 46).  Furthermore, the Memorandum does not state it is a "final warning" prior to termination.  (See 4/13/98 memo, Tab Q, Defendants'

Counsel's Affidavit) Mr. Orlandi testified he was "not sure" the 5/4/98 memo was a "final warning." Mr. Orlandi considered the document a "counseling report." (Orlandi Deposition pages 163-164 Tab 46) Mr. Orlandi also conceded he never checked to determine whether or not Mr. Hayes satisfactorily addressed several of the the issues raised in the memorandum prior to deciding to terminate Mr. Hayes. (Orlandi deposition, pages 99, 101, 126-127 - Tab 46) Finally, there was a document similar to the April 13, 1998 "performance improvement" document which was given to Mr. Hayes on or shortly after its authorship on May 4, 1998. (See Tab 40, Affidavit of Fred Frangie) A significant fact is why the Defendant provided the Plaintiff with a "counseling report" on May 4, 1998 and then terminated the Plaintiff twenty-six days later without providing opportunity to correct the alleged deficiencies or even checking if they were corrected. (See Hayes affidavit, paragraph 42-12)

13. The Plaintiff objects to consideration of the letter dated May 27, 1998 (Tab R, Defendants' Counsel's Affidavit) in deciding this Motion for Summary Judgment for the following reasons:

a. The document is not an affidavit, nor is it signed Local Rule 56(a)3.

b. The document is not admissible at trial.

c. The document is hearsay, under Federal Rules of Evidence, Rule 802.

d. The document does not fall within the exception of Federal Rules of Evidence, Rule 803(6).

e.    The document is not a competent statement under Rule 56(e) of The Federal

Rules of Civil Procedure.

Furthermore, even if the document were to be considered by the Court and/or is

admissible by the Defendants, the Plaintiff disputes that the letter was received "soon

after" April 13, 1998, (See Defendants' Rule 56(a)1 Statement, Paragraphs 12 and

13) and was considered as a reason for the Plaintiff's termination, as suggested by the

Rule 56(a)1 Statement, Paragraph 13. The only recordation of date of receipt of the

document is June 1, 1998, at 1423 hours. (See Tab R, Defendants' Counsel's

Affidavit) Mr. Hayes was terminated in the early morning hours of June 1, and thus

prior to the recorded date of receipt of this document. (See Affidavit of Timothy

Hayes, Paragraph 8) Furthermore the alleged statements of "fact" in this document

and their relevance to termination are in dispute. (See Hayes affidavit paragraph 42-

13).

14.    The first sentence is admitted. As to the second sentence, the basis of the decision to

terminate Hayes is in dispute. Mr. Hayes disputes the allegations of alleged poor

performance contained in Paragraphs 5 through 14 of the Defendants' Rule 56(a)1

Statement. (See Hayes Affidavit, Paragraph 42) As to the allegations of "not telling

the truth, poor financial performance, dissatisfied clients, continued problems with the

accounts ongoing and continued counseling with little or no improvement," the

reference to pages 140-141 of the Orlandi transcript are conclusions without actual

foundation. To the extent the factual foundation is contained in the remaining Paragraphs of Defendants' Rule 56(a)1 Statement, the Affidavit of Timothy Hayes and this Rule 56(a)2 Statement dispute those assertions. (See Affidavit of Timothy Hayes and the foregoing Paragraphs of this statement)

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Mr. Hayes was born on September 30, 1950. (Hayes Affidavit, Paragraph 4) Mr. Orlandi was born on November 11, 1952, (Tab Z of Defendants' Counsel's Affidavit.) It is impossible for the two men to have been the same age on any given date.

19.     Admitted for Summary Judgment purposes, only.

20.     Mr. Orlandi decided as early as October, 1997, before the occurance of many of the issues cited by the defendant as the basis for termination (see Defendant's rule 56(a)1statement) to replace Mr. Hayes as senior district manager for the Hartford area (see letter 10/24/97 from Cari Orlandi to Phil Canning, paragraph 2D, SL4323- Tab 31- Frangie affidavit).

21.     That the memorandum allegedly warning Mr. Hayes of poor performance was dated and delivered on or about May 4, 1998, not April 13, 1998 (Tab 40 Frangie affidavit).

22.     Mr. Hayes was not given adequate opportunity to cure the alleged deficiencies in performance claimed by Mr. Orlandi prior to termination (Tab 40 Frangie affidavit;

Hayes affidavit, paragraph 42-13).

23.     Younger employees with poor performance issues were demoted, consistent with written company policy as opposed to older employees who were terminated. Evidence of this is as follows:

a.   Written company policy regarding demotions (0029-0057 Tab 39 to Frangie affidavit)

b.  Mr. Paul D'Amico, mid thirties, received demotion for poor performance (affidavit of Timothy Hayes, paragraphs 40-41; confidential document 021-Frangie affidavit exhibit M).

c. Anne Lavergne, under age 39, demoted rather than terminated (declaration of Ms. Lavergne, Lavergne Declaration, Tab 51)[1].

d.  Despite the fact the company did demote younger employees, Mr. Orlandi claimed this was against company policy (Orlandi deposition 7/6/01 pages 280-282; Tab 46.)

24.     Defendant Compass Group has engaged in a pattern and practice of terminating older employees while retaining younger employees based on the following facts:

a. At the behest of Mr. Orlandi there were at least three "reorganizations" the only real impact of which was the layoff of an employee over the age of

---

[1]Henceforth references to documents submitted by the Plaintiff with the affidavit of Fred Frangie will be referenced as "Tab -"

forty-seven. (As to Mr. Phillip Canning, see documents SL 4401; Frangie affidavit Tab 22, Orlandi deposition 1/12/01 pages 8, 9, 11, 12, and 22 (Frangie affidavit Tab 45); Canning employee profile Frangie affidavit Tab 48.) (As to Mr. Wawryzinski see SL 4458- Frangie affidavit Tab 11; SL 4444- Frangie affidavit Tab 10; Cary Orlandi deposition 3/9/01 pg. 40 Tab 42; Orlandi deposition 1/12/01- Tab 45 and SL 4458 Tab 11.) (As to Mr. Hannon see Hannon Declaration- Tab 49.) (As to Wayne Patick see documents SL 4531 Tab 8; SL 4555 Tab 9; SL 4553; Tab 9.

b. Although Mr. Patick was structured out, two younger district managers earning substantially lower salaries were kept. There were nineteen district managers in the New England region with substantially lower ages and salaries. Although Mr. Patick was terminated, allegedly based on job elimination, one day after his termination the defendant advertised a new district manager position in substantially the same region. Thereafter a younger person was given the job at lower pay (see document 00536, sworn affidavit of Wayne Patick, Tab D.

25.     As further evidence of the defendant's discriminatory intent to weed its workforce of older employees, Mr. Orlandi was untruthful, under oath in his deposition as to the reason for separation of some of these older employees from employment with Compass:

A. Mr. Orlandi testified Mr. Hannon also voluntarily left employ with Compass (Orlandi deposition page 68-69 Tab 42) when in fact Mr. Orlandi was the one who first suggested Mr. Hannon leave and then essentially forced Mr. Hannon's resignation (see Hannon Declaration Tab 49).

B. Mr. Orlandi testified he believed Mr. Patick resigned and was not terminated (Orlandi deposition 3/9/01 page 104 Tab 42). In fact Mr. Patick was terminated (See paragraph 24 above) and Mr. Orlandi would have known that fact at the time of his testimony in March of 2001 because Mr. Patick had filed an EEOC complaint, a Massachusetts Commission Against Discrimination Complaint, and a civil complaint against Compass (Confidential documents 00534-5, 00536-7, and 00538 Tabs C, D, and E.)

C. Mr. Orlandi did not identify Mr. Saverino Correale as an individual who was laid off from Compass, when in fact Mr. Correale's job was eliminated (Orlandi deposition pgs. 8-21, Tab 46 and 4/15/97 Memo from Mr. Correale, Tab 14)

26. In addition to the forgoing, in laying off older employees by a one person "reorganization", Mr. Orlandi violated a company policy which favored seniority in determining who should be laid off in a "reorganization" (Nichols Deposition Tab 44.)

27.   Consistent with the pattern and practice of eliminating older employees, the defendant

eliminated the following older employees based on disputed poor job performance:

a. Mr. Mark Katona 12/9/48 was terminated on 3/20/98 (SL 5117- Tab 13)

Mr. Katona was congratulated for his competent performance and given a

salary increase in January 1997 (SL 5148 tab 24).  In December 1997 Mr.

Katona was congratulated and given a field incentive bonus for his dedication

(SL 5172 tab 28).  Mr. Orlandi referred to Mr. Katona as a "old school

manager" (Hayes Deposition Tab 41).  Two months later he was placed on "a

performance plan," (document SL 5149- 5151 Tab 25.)  Mr. Katona was

criticized for having to "move into the 1990's" (document SL 5150 Tab 25.)

b. Mr. Saverino Correale was born on March 6, 1954 and was hired by

Compass group on March 5, 1990 (SL 4788 Tab 15).  On April 18, 1997 Mr.

Correale's position as district manager was eliminated (SL 4827 Tab 14).  Mr.

Correale was forty-three years of age.

c. Mr. George Yundt was born on July 10, 1953 and was hired by Compass

on October 31, 1977 (SL 4832 Tab 30).  Mr. Yundt was terminated by

Compass in December 1998 (Hayes affidavit paragraph 24).

d. Mr. Swenson was born on August 12, 1939 and was a regional Vice

President for Compass Group.  In 1995 Mr. Swenson's position in

Compass Group was terminated for alleged job performance issues. At

the time of Mr. Swenson's termination his area was one of the top ten

performing areas in the country. At the time of termination Mr.

Swenson was fifty-five years of age (for all of the foregoing see

Swenson affidavit, Tab 50.)

28.    Further evidence of the defendant's pattern and practice of terminating older

employees is the replacement therewith by younger employees as indicated by:

A. On May 2, 1998, approximately one month before terminating Mr. Hayes,

Mr. Orlandi identifies and hires Mr. Hayes' replacement, Ms. Katherine Cape

approximately seven years Mr. Hayes junior. (Confidential document 00618,

00635, and 00632- Tabs J, I, G; Orlandi deposition page 139 Tab 42.) Ms.

Cape had far less experience and was less qualified then Mr. Hayes

(Confidential document 00630-32 Tab I)

B. Mr. Patick was replaced with a younger employee (see affidavit of Mr.

Patick, Tab D).

C. In eliminating Mr. Hannon, age fifty-two, Mr. Orlandi chose to retain Mr.

Pellin who was in his mid thirties. (Orlandi deposition page 69, Tab 42.)

29.    The Defendant's age discriminatory motivation is further evidenced by the defendant's

failure to fully disclose complaints of age discrimination in this case with full

knowledge of plaintiff's claim of pattern of discrimination (plaintiff's complaint Tab

1) specifically, the Defendant failed to disclose Geraldine Kuczmarski's CHRO complaint (document 0014-0022 Tab 34) and the complaint of Robert Flemming dated 10/21/98. (document 0024 Tab 37.); (See affidavit of Fred Frangie, Esq. with attachment.)

30.   The animus of Compass Group against older employees evidencing discriminatory purpose in terminating older employees is evidenced by:

A.  Mr. Orlandi's referral to older managers of the Compass Group work force as "old school managers" (Orlandi deposition page 27, Tab 42).

B.  The comment of Mr. Valentine, Mr. Katona's direct supervisor that Mr. Katona "needs to move into the nineties" (SL 5150 Tab 25).

C.  Mr. Orlandi's comment on a performance appraisal of Mr. Canning as "very slow to change" (SL 4316-4321 (Tab 18).

D.  Mr. Orlandi's stated goal of creating a stronger staff, active in physical fitness (SL 4174 Tab 19).

E.  Mr. Orlandi's referral to Mr. Wawryzinski as quote "old style coaching In Buffalo" as in former Buffalo Bills Coach Marv Levy (Hayes affidavit paragraph 22).

F.  Mr. Orlandi's referral to the new Eurest style of doing business as a "change in culture" and his requirement of physically fit and good looking employees (Hayes affidavit paragraph 23).

> G. When Mr. Hayes proposed Mr. Jendrzejczyk, date of birth September 6,
> 1954 (Tab 29), be demoted rather then terminated, area Vice President Keith
> Cullinan stated the suggested position with Electric Boat was reserved for
> "employees who had an opportunity to develop their career." (Hayes affidavit
> paragraphs 10-18.)

31. Mr. Orlandi undermined the written process for proper termination for poor
performance, which required approval of human resources, by sending Steven Gaber
HR director an incomplete set of documents for review in this regard.  Specifically,
Mr. Orlandi failed to forward any of Mr. Hayes' positive job performance evaluations
(Gaber deposition pages 17, 69, 70, and 76 Tab 43).

32. Evidence of egregious misconduct in furtherance of intentional inflictions of emotional
distress consists of:

> A. The termination of Mr. Hayes based upon his age (see entire submission
> in opposition to Motion to Summary Judgement);
>
> B. Mr. Orlandi's urging of Mr. Hayes to stay under Mr. Orlandi's supervision
> knowing Mr. Hayes was foregoing job advancement with another supervisor
> only to retain Mr Hayes for the purposes of terminating him for poor job
> performance (see Hayes affidavit and previous paragraphs of this Rule 56(a)2
> statement.)
>
> C. Although under the Compass Group severance policy Mr. Hayes was

entitled to thirty-four weeks of severance pay (document 0025-28 and 0365-0369 Tabs 38 and 35) The Defendant attempted to extract a release of the plaintiff's claims for wrongful termination in exchange for this benefit as of right (see Tab S- defendant counsel's affidavit.)

33.    Mr. Hayes suffered severe emotional distress as a consequence of the actions of the defendant (Hayes affidavit, paragraphs 47 through 56).

34.    The defendant defamed Mr. Hayes specifically in regard to his job performance with Compass (see Hayes affidavit paragraphs 32-39 and documents created by Mr. Orlandi in reference to Mr. Hayes job performance.)



PLAINTIFF, TIMOTHY HAYES

_____
Stephen F. McEleney
McEleney & McGrail
363 Main Street
Hartford, CT 06106
Federal Bar No: ct040730
Telephone No: (860) 249-1400
Facsimile No: (860) 549-5865
E-mail: stephen@mceleneylaw.com

**CERTIFICATION**

I certify that a copy of the foregoing was sent via first class U.S. mail to the following counsel of record this 5th day of January, 2004:

Christopher A. Kenney, Esq.
Margaret H. Paget, Esq.
Sherin and Lodgen LLP
100 Summer Street
Boston, MA 02110

Stephen F. McEleney