UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

C.A. NO.: 3:00 CV 0973 (AHN) (HBF)

| | |
|---|---|
| TIMOTHY HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMPASS GROUP USA, INC., | ) |
| d/b/a EUREST DINING SERVICES | ) |
| and CARY ORLANDI, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE FROM THE RECORD
PLAINTIFF'S EXHIBITS A - F,
<u>SUBMITTED IN OPPOSITION TO SUMMARY JUDGMENT</u>**

Pursuant to Fed. R. Civ. P. 56(e), defendants Compass Group USA, Inc. ("Compass") and Cary Orlandi ("Orlandi") move to strike from the summary judgment record plaintiff's proposed Exhibits A, B, C, D, E and F (collectively "the Exhibits")[1] to the Affidavit of Fred Frangie, Esq., submitted with plaintiff's opposition to summary judgment. The Exhibits appear to be copies of complaints and charges filed with various courts and administrative agencies by former Compass employees other than the plaintiff, Timothy Hayes. Each of the complainants alleges that he was the victim of age discrimination while employed at Compass.

---

[1] Exhibit A is a complaint captioned <u>Canning v. Compass Group USA, Inc.</u>; Exhibit B is a complaint captioned <u>Brommage v. Daka, Inc.</u>; Exhibit C is a charge to the Equal Employment Opportunity Commission signed by Wayne Patick; Exhibit D is a charge to the Massachusetts Commission Against Discrimination signed by Wayne Patick; Exhibit E is a complaint captioned <u>Patick v. Compass Group USA, Inc.</u>; and Exhibit F is a complaint captioned <u>Katona v. Compass Group USA, Inc.</u>

The Exhibits constitute inadmissible hearsay and are not relevant to the issues before the Court.[2] For these reasons, they do not satisfy Fed. R. Civ. P. 56(c) and should be stricken from the evidence of record and disregarded by the Court in ruling on the defendants' motion for summary judgment. In further support of this motion, defendants state:

1. The plaintiff, Timothy Hayes ("Hayes"), filed this action against his former employer, Compass, and his former supervisor, Regional Vice President Cary Orlandi, alleging that Mr. Orlandi terminated his employment because of his age (47) and otherwise acted unlawfully in connection with the termination. As part of his attempt to establish evidence of discriminatory animus, Hayes seeks to offer the Exhibits as proof that other Compass employees were victims of age discrimination. The Exhibits prove nothing of the sort. Rather, they suggest only that other former employees also have claimed to be victims of age discrimination. From this evidence, Hayes is hoping the Court will infer that Compass and Orlandi discriminate against older employees generally, and therefore that Hayes must also have been a victim of such discrimination.[3]

2. Rule 56(e) of the Federal Rules of Civil Procedure, which applies to motions for summary judgment, states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers shall be attached thereto or served therewith.

Documents submitted in connection with a motion for summary judgment must likewise meet the Rule 56(e) standard of admissibility. See Rohman v. New York City Transit Authority, 215

---

[2] Further, these exhibits have not been properly authenticated. Plaintiff has not offered "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).
[3] For the reasons discussed more fully in Defendants' Motion for Summary Judgment and their Reply to plaintiff's Opposition, this type of evidence does not permit such an inference and fails to establish either discriminatory motive or pretext.

F.3d 208, 218 n.6 (2d Cir. 2000)("Under Fed.R.Civ.P. 56(e), only admissible evidence may be used to resist a motion for summary judgment . . ."), (*citing* James W. Moore et al., 11 *Moore's Federal Practice* § 56.14, at 56-197 (3d ed. 1999); see also Keene v. Hartford Hospital, 208 F.Supp.2d 238, 242 (D.Conn. 2002)(Hall, J.).

    3.    A "[m]otion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." Keene, 208 F.Supp.2d at 242, *quoting* Newport Elec., Inc. v. Newport Corp., 157 F.Supp.2d 202, 208 (D.Conn. 2001) (granting motion to strike CHRO documents submitted in opposition to summary judgment because lack of finality of said documents outweighed their trustworthiness); see also, Windover v. Sprague Technologies, 834 F.Supp. 560 (D.Conn. 1993)(Eginton, J.) (granting motion to strike hearsay and irrelevant documents submitted in opposition to summary judgment); Hollander v. American Cyanamid Co., 999 F.Supp. 252, 255 (D.Conn. 1998) (Eginton, J.) (granting motion to strike portions of affidavit where "document is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge.").

    4.    The Exhibits that Hayes seeks to introduce are statements purportedly made by other individuals alleging that they were victims of age discrimination. This is inadmissible hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay is not admissible and should be excluded from evidence unless a specific exception applies. Fed.R.Evid. 802; Fed.R.Evid. 803, 804. Hayes seeks to introduce each Exhibit to prove that each complainant was the victim of age discrimination at Compass—in other words, for the truth of the matter asserted in the complaints and charges. Because no

exception to the hearsay rule applies, the documents constitute inadmissible hearsay and should be stricken from the record.

5. Neither do the Exhibits have any relevance to the issues before the Court. Irrelevant evidence is not admissible. Fed.R.Evid. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. For Hayes' Exhibits to be relevant, the allegations contained in them would have to make it more probable that Hayes was the victim of age discrimination. Such allegations by other employees, however, fail to establish any such inference concerning Hayes' employment, and are therefore irrelevant. See Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984); Goldman v. First Nat'l Bank of Boston, 985 F2d 1113, 1119 (1st Cir. 1993).

**WHEREFORE,** defendants Compass Group USA, Inc. and Cary Orlandi request that the Court grant this Motion to Strike the Exhibits from the Summary Judgment record.

**COMPASS GROUP, USA, INC. and CARY ORLANDI,**
By their attorneys,

_____
Christopher A. Kenney, Fed. Bar # CT25017
Margaret H. Paget, Fed. Bar # CT25016
Sherin and Lodgen LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 646-2000

Dated January 20, 2004

4

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of January 2004, a copy of Defendants' Motion To Strike From the Record Plaintiff's Exhibits A-F, Submitted In Opposition To Summary Judgment was sent by Federal Express Overnight delivery to:

        Stephen F. McEleney
        McEleney & McGrail
        363 Main Street
        Hartford, CT  06106

                                          Lawrence Peikes