UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 21 P 3: 49

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| TIMOTHY HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO.: 3:00 CV 0973 (AHN) (HBF) |
| ) | |
| COMPASS GROUP USA, INC., ) | |
| d/b/a EUREST DINING SERVICES ) | |
| and CARY ORLANDI, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT**

Pursuant to Local Rule 7(d), defendants Compass Group USA, Inc. ("Compass") and Cary Orlandi ("Orlandi") submit this reply to plaintiff Timothy Hayes' opposition to summary judgment. Hayes' opposition and accompanying exhibits, despite their length, fail to establish the existence of any trial-worthy dispute concerning his claim that he was discharged because of his age, 47 years old[1] (or any of his other claims).

In a nutshell, Hayes, an at-will employee, has failed to rebut the ample evidence that he was discharged for his own failure to perform his job competently and professionally. Hayes has attempted to salvage his claim by arguing that there exists circumstantial evidence of age bias on the part of Regional Vice President Orlandi, in the form of so-called "stray remarks", and what Hayes supposes was age discrimination against other former Compass employees. Hayes' effort, which relies on anecdote, surmise and supposition, fails because the evidence does not permit an inference either that any other Compass employees have been terminated (or otherwise treated unfairly) because they were over 40, or that Mr. Orlandi's general remarks about employees

---

[1] Hayes points out that Defendants mistakenly describe Regional Vice President Orlandi as the same age as Timothy Hayes. This was an inadvertent error. At the time of his termination, Timothy Hayes, who was born on September 30, 1950, was 47 years old and Mr. Orlandi, who born on January 11, 1952, was 46. (See Tab A to Counsel Aff.)

**ORAL ARGUMENT REQUESTED**

suggest age bias. This failure of evidence dooms Hayes' discrimination claim, as well as his other claims (which are based on the same allegations).

## I.     The Absence Of Evidence Showing Age Bias Against Hayes Defeats His Claim

### A.     Hayes Has Failed To Rebut The Defendants' Evidence That He Was Discharged For Legitimate, Non-Discriminatory Reasons.

Hayes' failings as a Regional Manager are described and fully documented in the defendants' motion for summary judgment and supporting memorandum (the "Memorandum"). These failings led to his discharge, which also is documented in the Memorandum. Nowhere in Hayes' 38-page opposition does he establish a genuine dispute concerning this evidence. "To defeat a properly supported motion for summary judgment, plaintiff must 'produce sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not the employee's age was the real reason for the discharge.'" Viola v. Philips Med. Sys. of N. A., 42 F.3d 712, 717 (2d Cir. 1994), quoting, Woroski v. Nashua Corp., 31 F.3d 105, 110 (2d Cir. 1994).

Hayes' opposition largely ignores the specific factual evidence of his own shortcomings as a Regional Manager throughout the 18 months leading to his discharge on June 1, 1998. Instead, Hayes resorts to conclusory statements that Orlandi's criticisms of his performance were "inaccurate and unfair." (Hayes Aff. ¶ 42(10))

> In an employment discrimination case, a plaintiff must show, inter alia, circumstances that permit an inference of discrimination on an impermissible basis. . . . [T]he plaintiff cannot meet this burden through reliance on unsupported assertions. Once the moving party has made a properly supported showing sufficient to suggest the absence of any genuine issue as to a material fact, the nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his favor. The motion will not be defeated merely . . . on the basis of conjecture or surmise. . . . The party opposing summary judgment may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible. . . ."

Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (internal quotations and citations omitted); Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1999) (same).

Paragraph 42 of Hayes' affidavit sets forth his purported evidence that Orlandi's criticisms were without justification. A quick perusal of the affidavit, however, reveals that Hayes' claim is not supported by facts that would be admissible in evidence. As such, Hayes' affidavit fails to show a genuine dispute of fact concerning the reason defendants terminated his employment. Hayes even concedes that some of the facts that the defendants allege led to his discharge are true. For example, Hayes writes: "Although it is true six accounts [under Hayes' authority] were closed, this was due to changes in the business environment and not as a result of any poor or substandard performance by [me]." (Hayes Aff. ¶ 42(9)). Hayes' opposition, however, is devoid of facts (as opposed to conclusory pronouncements) that might prove that Hayes' accounts were closed for reasons unrelated to his performance, or that Orlandi genuinely believed that Hayes' performance had no bearing on the closures. Hayes' personal views about his own performance do not constitute evidence that Orlandi's criticisms were unfounded or illegitimate. As in Goenaga, therefore, Hayes' statement fail to allow the inference that Hayes' discharge was motivated by age bias against him. Id.

    B.    Hayes' Prior History Of Acceptable Job Performance In A Lower Position Does Not Establish The Inference That Subsequent Poor Performance And Negative Evaluations Are Illegitimate

The fact that Hayes received generally positive performance evaluations until December 1996 does not permit an inference that the negative evaluations and warnings that he received repeatedly in 1997 (and until his termination on June 1, 1998) lack legitimacy or demonstrate some age bias against him. As the Second Circuit observed in Viola v. Philips Medical Systems

of N.A., 42 F. 3d 712 (2d Cir. 1994), "[d]ismissals are often preceded by adverse performance reviews. Were we to view this pattern as suspect, without more, many employees would be able to appeal their personnel evaluations to a jury." Viola, 42 F. 3d at 718.

As Orlandi has testified, he promoted Hayes from District Manager to Regional Manager in 1996, the same year that Orlandi was himself promoted to the position of Regional Vice President. (See Tab A to Counsel Aff. in support of Defendants' Motion for Summary Judgment, at 29-30, 138-139). As a Regional Manager, Hayes had more responsibility (and a higher salary) than in his prior position as District Manager. (See Exhibit 39 to Hayes Opposition, p. 0032). Orlandi testified that in 1997, he began to observe serious deficiencies in Hayes' performance as a Regional Manager. (See Tab A to Counsel Aff. in support of Defendants' Motion for Summary Judgment, at 151.) These deficiencies, which are thoroughly documented, continued into 1998 until Orlandi terminated Hayes' employment on June 1.

    C.    Allegations That Some Other Compass Employees Over 40 Have Been Terminated Is Not, Without More, Evidence Of Age Bias

Hayes devotes much of his opposition to identifying a handful (10) of former Compass employees over the age of 40, whom he supposes were victims of age discrimination. Hayes urges the Court to infer not only that those individuals were victims of age discrimination, but that this "evidence" somehow constitutes evidence of age bias against him. Hayes' tenuous theory fails for any number of reasons. Foremost among these is the absence of any facts (as opposed to conjecture) showing that age played a role in the decision to terminate any of the other employees. Rather, Hayes offers only subjective, and uncorroborated views about the circumstances surrounding other employees' departures from Compass. "[A]necdotal evidence of this sort does little more than corroborate what was undisputed: that members of the protected class [i.e., those over 40 years of age] were terminated. . . ." Goldman v. First Nat'l Bank of

4

Boston, 985 F.2d 1113, 1119 (1st Cir. 1993) (affirming summary judgment for employer in age discrimination case where plaintiff's offer of proof included affidavits from older employees who claim to have been performing adequately at the time of their lay-off).

The Second Circuit has rejected similar efforts to manufacture circumstantial evidence of age bias. See Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984). In Haskell, an age discrimination case, the Second Circuit held that it was error to allow the testimony of former employees who gave "subjective evaluations of their own and of their fellow [employees'] performance without furnishing the bases for their evaluations." Id. The Court further held that such testimony "was not relevant to the question of whether [the plaintiff] was terminated for age-related reasons." Id. at 122. As in Haskell, Hayes' anecdotal evidence about other Compass employees fails to support his claim that Compass has terminated anyone, much less Hayes, because of age. For example, Hayes states: "[b]ecause of Mr. Jendrezjczyk's age he was terminated from Compass Group (Hayes Aff'd ¶19)." (Hayes Opposition p.12, ¶71). The only evidence offered in support of this troubling accusation, however, is Hayes' affidavit, which fails to identify any fact from which one might infer that Compass terminated Jendrezjczyk because of his age. (See Hayes Affidavit, ¶¶ 11-19). In fact, Hayes' affidavit concedes that Jendrezjczyk's performance was lacking. Id. Joseph Wawrzynski, another of the individuals identified by Hayes, (Hayes Affidavit ¶¶ 20-23), has even testified that he does not believe age played a role in the decision to terminate his employment. (See Deposition of Joseph Wawrzynski, dated April 30, 2003, pp. 22-28, 62-63, 98-100, attached as Tab A to Counsel Aff. in support of Defendants' Reply to Plaintiff's Opposition to Summary Judgment). Likewise, Philip Canning's claims, which were tried to a jury in the Superior Court of Massachusetts, Middlesex County in 2003, were found lacking: the jury returned a verdict for Compass,

rejecting Canning's claim that Orlandi terminated his employment because of his age (49). (See Tab B attached to Counsel Aff. in support of Defendants' Reply to Plaintiff's Opposition to Summary Judgment).

To the extent that Hayes is attempting to show some statistical disparity in treatment between older and younger workers, his evidence also fails. See Pollis v. The New School for Social Research, 132 F.3d 115, 121-122 (2d Cir. 1997) (holding that size of group subjected to comparison was too small to allow any inferences based on patterns in group). In Pollis, the Court explained, "[a] statistical showing of discrimination rests on the inherent improbability that the institution's decisions would conform to the observed pattern unless intentional discrimination was present. The smaller the sample, the greater the likelihood that an observed pattern is attributable to other factors and accordingly the less persuasive the inference of discrimination to be drawn from it. Thus, several courts have ruled, as a matter of law, that discrimination may not be proved by statistics involving so small a pool." Pollis, 132 F.3d at 121. Hayes has submitted anecdotal evidence about ten (10) former Compass employees, a fraction of the number of District and Regional Managers within the Northeast Region alone. (See Defendants' Exhibit V to Counsel Aff. in support of Defendants' Motion for Summary Judgment). He has not even attempted to present evidence comparing these individuals to Younger employees. Accordingly, nothing in the volume of papers that Hayes has submitted allows the conclusion that Compass terminates older employees in numbers that are disproportionate to younger employees, which it does not. Id.

D.   The Remarks Which Hayes Attributes To Orlandi Do Not Relate To Age

Hayes' opposition further argues that certain of Orlandi's remarks, none of which were directed to Hayes, constitute evidence of age bias against older employees. Notwithstanding

6

Hayes' interpretations, however, no rational fact-finder could infer that the remarks identified by Hayes: "old school", "old style of coaching", "change in culture", "well-educated, physically fit and good looking", (Opposition pp. 6, 28-29), suggest age bias.[2]

### E. Hayes Is Incorrect That The Same Actor Inference Is Inapplicable

With some novelty, but without supporting legal authority, Hayes argues that the same actor inference does not apply to this case. Hayes argues that because Orlandi relied upon the recommendation of Hayes' former supervisor, Joan Wedekind, in making the decision to promote Hayes to Regional Manager in 1996, the inference should not apply. It is undisputed, however, that Orlandi, not Wedekind, promoted Hayes, and that Orlandi, not Wedekind, was the person who made the decision two years later to terminate Hayes' employment. As such, the same actor inference establishes a presumption – which Hayes has failed to rebut - that Orlandi did not terminate Hayes because of his age (after having promoted him when he was just two years younger). See Schnabel v. Abramson, 232 F.3d 83, 90 (2d Cir. 2000) (affirming summary judgment against age discrimination claim where person who fired plaintiff was the same person who hired him three years earlier). Whether or not Orlandi relied on the recommendations of others in deciding to promote (or terminate) Hayes is immaterial and Hayes has offered no legal authority to the contrary.

## II. Hayes Has Failed To Adduce Any Evidence That Might Support A Claim Of Defamation

The only evidence that Hayes presents in support of his claim alleging defamation is that Joan Wedekind, his former supervisor, whom he approached in an effort to find another position

---

[2] Defendants are compelled to call to the Court's attention Hayes' misleading use of quotation marks surrounding the phrase "young, fast and aggressive" (See Hayes Opposition, p. 6, ¶32), apparently suggesting that Orlandi used this phrase to describe desirable employees. Orlandi used no such language, and Hayes has not offered any evidence that he did. The "quote," which refers to Hayes' affidavit, is nothing more than Hayes' personal and uncorroborated belief about the possible meaning of Orlandi's facially neutral comments. This sleight-of-hand on Hayes' part is inappropriate and fails to advance his cause.

7

within Compass, said to him that Mr. Orlandi had "poisoned the well." (Hayes Opposition, p. 32) Based on this snippet, Hayes states "Plaintiff took this to mean that Mr. Orlandi knowingly published false information about the plaintiff. . . ." (Hayes Opposition, p. 32). "When challenged on a motion for summary judgment, a plaintiff may not rely solely on hearsay or conclusory allegations that the slanderous statement was made. . . ." Albert v. Loksen, 239 F.3d 256, 266-267 (2d Cir. 2001) (affirming summary judgment dismissing slander claim). Hayes' uncorroborated belief that Wedekind's comment suggests that Orlandi, acting with malice, made false statements about him is just the type of conclusory allegation that is insufficient to overcome summary judgment. Id.

In any event, Hayes has offered no evidence of any statements about him that were made by Orlandi, much less statements that might be considered false or malicious, both necessary elements of any claim for defamation. See Strada v. Connecticut Newspapers, Inc., 193 Conn. 313 (1984). As a matter of law, therefore, Hayes has failed to offer evidence of any statements that might be considered defamatory, and therefore he cannot prove the requisite elements of his claim, as described in Strada, supra.

### III. Hayes Has Not Produced Any Evidence That He Was Terminated In Order To Deprive Him Of Benefits Under ERISA

Because Hayes has failed to rebut the evidence that Compass terminated his employment for legitimate reasons, and has offered no other evidence that by doing so Compass sought to interfere with Hayes' rights under ERISA, Hayes has failed to identify specific facts which establish an ERISA violation. See MacKay v. Rayonier, Inc., 75 F. Supp. 2d 22, 29 (D. Conn. 1999) (granting summary judgment against employee's ERISA claim where employee failed to dispute employer's legitimate reason for termination). As such, Compass is entitled to summary judgment dismissing this claim as well.

8

### IV. Hayes Has Failed To Adduce Evidence That Could Support His Claim Alleging Negligent Or Intentional Infliction Of Emotional Distress

Although Hayes' opposition fills several pages with a description of the emotional distress that he claims to have suffered at the hands of Compass' employees, nowhere has Hayes identified any conduct that might be actionable as either negligent or intentional infliction of emotional distress. To overcome summary judgment on his claim alleging intentional infliction of emotional distress, at the very least Hayes is required to identify conduct that can reasonably be considered extreme and outrageous. See Petyan v. Ellis, 200 Conn. 243, 253 (1986) ("The rule which seems to have emerged is that there is liability for conduct exceeding *all bounds* usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind") see also Suprena Evan v. David Marks, 36 Conn. L. Rptr. No. 2, 42 (Conn.Super. Jan. 12, 2004) (Levin, J.) (Dismissing at summary judgment intentional infliction of emotional distress claim based upon employer's false statement on "pink slip" that employee was terminated for dishonesty) (A copy of the decision is attached at Tab C to Counsel Aff. in support of Defendants' Reply to Plaintiff's Opposition to Summary Judgment). Hayes has identified no such conduct.

Similarly, in order to salvage a claim for negligent infliction of emotional distress, Hayes would have to show that the conduct presented an unreasonable risk of causing severe emotional distress. See Parsons v. United Technologies Corp., 243 Conn. 66, 88 (1997). Again, Hayes has offered no evidence of facts showing any such conduct. Accordingly, Compass is entitled to summary judgment dismissing these claims.

9

**WHEREFORE,** defendants Compass Group USA, Inc. and Cary Orlandi request that the Court enter summary judgment in their favor, dismiss the Complaint in its entirety and award Compass and Orlandi their costs in this action.

> **COMPASS GROUP, USA, INC. and CARY ORLANDI,**
> By their attorneys,
>
> _____ (CT07913)
> Christopher A. Kenney, Fed. Bar #: CT25017
> Margaret H. Paget, Fed. Bar #: CT25016
> Sherin and Lodgen LLP
> 100 Summer Street
> Boston, MA 02110
> (617) 646-2000

Dated: January 20, 2004

10

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of January 2004, a copy of Defendants' Reply To Plaintiff's Opposition To Summary Judgment was sent by Federal Express Overnight delivery to:

> Stephen F. McEleney
> McEleney & McGrail
> 363 Main Street
> Hartford, CT 06106

_____
Lawrence Peikes