FILED

2004 FEB 11  A 10: 26

US DISTRICT ...

*UNITED STATES DISTRICT COURT*
*DISTRICT OF CONNECTICUT*

| | | |
|---|---|---|
| TIMOTHY HAYES | ) | CIVIL ACTION NO.: 3:00CV0973(AHN) |
|     *Plaintiff* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COMPASS GROUP USA, INC., | ) | |
| d/b/a EUREST DINING SERVICES | ) | |
| and CARY ORLANDI | ) | |
|     *Defendants.* | ) | February 10, 2004 |

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE**

*Introduction.*

Now comes the plaintiff, Timothy Hayes ("plaintiff"), by and through his legal counsel, and hereby submits this Opposition to Defendants' Motion to Strike from the Record Plaintiff's Exhibits A-E. With the exception of one (1) exhibit, the remaining exhibits are Complaints and Charges of Discrimination that were provided to plaintiff's counsel by the defendants in response to plaintiff's discovery requests. Additionally, one of the Charges (Ex]    's Motion in Opposition to Defendants' Motion for Summary Judgment, Ide·    onfid 00534-5) was signed by the complaining party under the pains and penalties     .ry.

NO ORAL ARGUMENT REQUIRED

*Legal Standard.*

A Motion to Strike is predicated on Fed.R.Civ.P. 56(e) which provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Accordingly, a court may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements. *United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir.1995). "The moving party must be specific in regards to what it is seeking to have stricken and must set forth reasons for why the materials should not be considered by the court. *Newport Elec., Inc. v. Newport Corp.*, 157 F.Supp.2d 202, 208 (D.Conn. 2001); *see also FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). "[T]he non moving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

*Arguments.*

a.    *Affidavits are not Hearsay.*

The copies of complaints and charges filed with various courts and administrative agencies by former Compass Group employees (hereinafter "charges") proffered by the plaintiff in support of his opposition to defendants summary judgment motion are not offered for the truth of the matter asserted, therefore do not constitute impermissible hearsay. Rather, the charges are being

2

proffered to demonstrate that the defendants had displaced a significant number of similarly situated individuals from its employee roster that were in plaintiff's protected class (over the age of forty). Although the complaining parties are ready, willing and able to testify at trial to their employment and subsequent termination at Compass Group, the charges as submitted are merely being proffered to demonstrate that a significant number of former, over the age of forty (40) Compass Group employees, who had enjoyed lengthy tenures with Compass Group, were for whatever reason no longer employed with the defendant. The plaintiff respectfully submits the defendant would not contest that the individual plaintiffs who were the subject of these complaints were over 40 and were displaced by the defendant.

b.  *The Affidavits are Relevant.*

The charges that the defendants seek to strike are relevant to plaintiff's discrimination claim. Evidence is relevant if it makes "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid. 401*. Evidence regarding an employer's treatment of other members of a protected class is especially relevant to the issue of the employer's discriminatory intent. Moreover, case law has demonstrated that an employer's treatment of other similarly situated employees is relevant in employment discrimination suits. Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext. *See, e.g., McDonnell Douglas Corp., 411 U.S. at 804* (stating that evidence that employees of another race

3

were treated differently from the plaintiff under comparable circumstances is "[especially relevant" to whether employer's proffered explanation is pretextual); *Becker v. ARCO Chemical Co., 207 F.3d 176, 194 n. 8 (3d Cir. 2000)* (citing cases holding that, "as a general rule, evidence of a defendant's prior discriminatory treatment of a plaintiff or other employees is relevant and admissible under the Federal Rules of Evidence to establish whether a defendant's employment action against an employee was motivated by invidious discrimination"). A plaintiff alleging employment discrimination may challenge the employer's proffered explanation by showing "that the employer treated other, similarly situated persons out of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons." *Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994);* accord *Abrams v. Lightolier Inc., 50 F.3d 1204, 1214-15 (3d Cir. 1995)* (holding that "evidence as to [a supervisor's] attitude toward other older employees and the manner in which he treated them" was relevant to whether supervisor "harbored a discriminatory attitude against older workers, and if credited, that evidence made the existence of an improper motive for the discharge decision more probable.").

Courts are mindful to the lack of evidence and up hill struggles that an employee must endure in meeting its ultimate burden of proof in discrimination actions. Because employers rarely leave a paper trail - or "smoking gun" - attesting to a discriminatory intent, *see Ramseur v. Chase Manhattan Bank,* 865 F.2d 460 , 464-65 (2d Cir. 1989) (citing cases); *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1112 (2d Cir. 1988), disparate treatment plaintiffs often must build their cases from

pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. "Plaintiff is entitled to rely on a discriminatory pattern or practice as indirect evidence of discrimination against him." *Bernard Abrams v. Lightolier, Inc., et al.*, *702 F. Supp. 509; 1988 U.S. Dist. LEXIS 14844; 48 Fair Empl. Prac. Cas. (BNA) 1114; 48 Empl. Prac. Dec. (CCH) P38,571; 27 Fed. R. Evid. Serv. (Callaghan) 471.*

Moreover, the Supreme Court has allowed such evidence in Title VII racial discrimination cases, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05, 93 S. Ct. 1817, 1825, 36 L. Ed. 2d 668, 679 (1973), and there is no reason why this rationale should not apply with equal force in an ADEA claim. Indeed, to disallow such statistical evidence would be to disarm plaintiff of one of the few tools available to him for discerning an employer's motives in his particular case. *See Diaz v. American Telephone & Telegraph*, 752 F.2d 1356, 1363 (9th Cir. 1985) (Title VII case).

"Three types of circumstantial evidence of intentional discrimination can be distinguished. The first consists of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn. *Giacoletto v. Amax Zinc Co.*, 954 F.2d 424 (7th Cir. 1992); *Holland v. Jefferson National Life Ins. Co.*, 883 F.2d 1307, 1314-15 (7th Cir. 1989) . . . Second is evidence, whether or not rigorously statistical, that employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a difference in treatment received systematically better treatment. *American Nurses' Ass'n v.*

*Illinois*, 783 F.2d 716, 728 (7th Cir. 1986)." *Troupe v. May Dept. Store Co.*, 20 F.3d 734 (7th Cir. 1994).

Given the commonality of the allegations contained in the charges, the similar cast of characters, and the logical interconnection among the former Compass Group employees and the plaintiff, the charges and complaints of discrimination not only are relevant but certainly underscore the discriminatory rancor that the defendants held towards its older work force.

c.      *Documents are Sufficiently Authenticated.*

Plaintiff further contends that the documents are sufficiently authenticated because their form, appearance, the circumstances through which they were acquired, and the record evidence an indicia of reliability. In fact, one of the charges was signed and notarized under pains and penalties of perjury. (Exhibit "C" of Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment, Identified as "D Confid 00534-5) see *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (Verified complaint may be considered as opposing affidavit if based on personal knowledge and if it sets forth specific, admissible facts).

With the exception of one charge, (Exhibit "C" of Plaintiff's Motion in Opposition to Defendants' Motion for Summary Judgment, Identified as "D Confid 00534-5), the remaining charges were submitted to plaintiff's counsel from the defendants. Thus, it would seem somewhat disingenuous for the defendants to insinuate as they do, that the Exhibits in question "would appear to be copies of complaints and charges filed with various courts and administrative agencies." Furthermore, there

is sufficient evidence of their authenticity for this Court to consider these documents in support of plaintiff's Motion in Opposition to defendants' dispositive motion. See also *Bieda v. J.C. Penney Communications, Inc.*, 1995 U.S. Dist. LEXIS 10309, 1995 WL 437689, *9 n.2 (S.D.N.Y. July 25, 1995) (denying defendant's motion to strike plaintiff's documents from consideration in a summary judgment motion when defendants did not challenge the authenticity of the documents, but rather the plaintiff's ability to authenticate them, and finding that there was sufficient evidence of authenticity based on the appearance of the documents, the defendant's interrogatory responses regarding the documents, and the fact that defendant had produced the documents). See also *Commercial Data Servers, Inc., d/b/a Xbridge Systems, Inc., vs. International Business Machines Corporation*, 262 F. Supp. 2d 50; 2003 U.S. Dist. LEXIS 6344; 2003-1 Trade Cas. (CCH) P74,022, (April 4, 2003).

*Conclusion.*

WHEREFORE, the exhibits in issue are not hearsay and are relevant to the instant action. Consequently, Defendants' Motion to Strike must fail.

PLAINTIFF<br>
TIMOTHY HAYES

By: _____
Stephen McEleney
Federal Bar No.: Ct 04073
McEleney & McGrail
363 Main Street
Hartford, CT 06106
His Attorney
Telephone No: (860) 249-1400
Facsimile No: (860) 549-5865
E-mail: stephen@mceleneylaw.com

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first class mail, postage prepaid this 10th day of February 2004 to the following counsel of record:

*Attorney Christopher A. Kenney, Fed. Bar# ct25017*
*Attorney Margaret H. Paget, Fed. Bar# ct25016*
*Sherin and Lodgen LLP*
*100 Summer Street*
*Boston, MA 02110*

_____
Stephen McEleney

8