UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY HAYES,<br><br>Plaintiff,<br><br>-against-<br><br>COMPASS GROUP USA, INC., d/b/a EUREST DINING SERVICES and CARY ORLANDI,<br><br>Defendants. | Case No.: 3:00CV0973 (AHN) (HBF)<br><br><br><br><br><br>FEBRUARY 25, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO STRIKE**

Plaintiff Timothy Hayes has failed to identify any reason that the unsubstantiated complaints of age bias (filed with various courts and agencies over the years) by other, former Compass employees is admissible evidence of age discrimination against him. Because the complaints constitute inadmissible hearsay and fail to establish evidence of age bias against anyone, especially Hayes, the defendants' motion to strike these documents should be allowed. Pursuant to Fed. R. Civ. P. 56(e) and Local Rule 7(d), defendants Compass Group USA, Inc. and Cary Orlandi (collectively referred to as "Compass") submit this reply to Hayes's Opposition to Defendants' Motion to Strike the proposed Exhibits A, B, C, D, E and F to Hayes' opposition to summary judgment (the "Hayes Opposition").[1]

In reply to the Hayes Opposition, defendants state:

---

[1] Defendants rely upon and incorporate by reference, their Original Motion to Strike from the Record Plaintiff's Exhibits A-F, Submitted in Opposition to Motion for Summary Judgment and Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment.

1.  Hayes argues that the complaints (Plaintiff's Exhibits A through F) do not have to be admissible at trial in order to avoid summary judgment. (See Hayes Opposition, at p. 2). This is not what Rule 56(e) requires:

> [O]pposing affidavits [to summary judgment motions] shall be made on personal knowledge, **shall set forth such facts as would be admissible in evidence**, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers shall be attached thereto or served therewith.

Fed. R. Civ. P. 56(e)(emphasis added); see also Rohman v. New York City Transit Authority, 215 F.3d 208, 218 n.6 (2d Cir. 2000) ("Under Fed.R.Civ.P. 56(e), only admissible evidence may be used to resist a motion for summary judgment . . ."), *citing* James W. Moore et al., 11 *Moore's Federal Practice* § 56.14, at 56-197 (3d ed. 1999). As set forth below, the unsubstantiated complaints of other employees would not be admissible at trial and therefore should not be considered by the Court in ruling on summary judgment.

2.  Hayes argues that these complaints are not, as Compass contends, impermissible hearsay evidence because they "are merely being proffered to demonstrate that a significant number of former, over the age of forty (40) Compass Group employees, who had enjoyed lengthy tenures with Compass Group, were for whatever reason no longer employed with the defendant." (Hayes Opposition, p. 3). If this is so, then Hayes is hard-pressed to explain why such complaints are relevant. Evidence of other employees who "for whatever reason" are no longer employed with Compass does not make it any more or less likely that Hayes was the victim of age discrimination and, therefore, such evidence should not be admitted. See Fed. R. Evid. 402. In fact, Hayes hopes the Court will infer that these other complaints, none of which have been substantiated, prove that Compass discriminates against older employees generally,

and therefore that Hayes must also have been a victim of such discrimination. He cannot rely upon inadmissible hearsay to prove this theory. See Fed. R. Evid. 802 - 804.

3. Hayes also argues that the complaints are relevant to the summary judgment inquiry in that they provide "statistical evidence" of a pattern or practice of discrimination by Compass and/or Orlandi. (See Hayes Opposition, p.4-5) The documents do not allow such a conclusion. Statistical evidence of an alleged pattern or practice of discrimination must meet certain criteria in order to establish the discriminatory intent of an employer. "Statistical data may be submitted to show a disparity in outcome between groups, but to make out a prima facie case, the statistical disparity must be sufficiently substantiated to raise an inference of causation." Rogers v. First Union Nat'l Bank, 2003 WL 1989502, *6 (D.Conn. 2003)(quoting Malave v. Potter, No. 01-6263, Slip Op. at 1487 (2nd Cir. Oct. 2, 2002). The unsubstantiated allegations of age bias by a handful of former employees over the age of 40 (in a company with thousands of employees), with no evidence comparing them to treatment of similarly-situated employees under 40, is not statistical evidence probative of age bias at Compass. (See also Defendants' Memorandum of Law, § A(3)). The complaints are therefore irrelevant and are not admissible in evidence. They should be stricken from the summary judgment record.

WHEREFORE, defendants Compass Group USA, Inc. and Cary Orlandi request that the Court grant its Motion to Strike the Exhibits from the Summary Judgment record.

**COMPASS GROUP, USA, INC. and CARY ORLANDI,**
By their attorneys,

_____
Lawrence Peikes (ct 07913)
Wiggin and Dana LLP
Their Attorneys
400 Atlantic Street
Stamford, CT 06901-3234
(203) 363-7600
(203) 363-7676 (fax)

-and-

Christopher A. Kenney (ct25017)
Margaret H. Paget (ct25016)
Sherin and Lodgen LLP
100 Summer Street
Boston, MA 02110
(617) 646-2000

## CERTIFICATE OF SERVICE

This is to certify that on the 25th day of February, 2004, a true and correct copy of the foregoing Defendants' Reply To Plaintiff's Opposition To Motion To Strike was served first-class U.S., postage pre-paid, on the following:

>Stephen McEleney, Esq.
>McEleney & McGrail
>363 Main Street
>Hartford, Connecticut 06106

_____
Lawrence Peikes

\14926\1\83526.1