UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY HAYES : | CIVIL ACTION NO.: 3: 00cv0973(AHN)(HBF) |
|     Plaintiff : | |
| : | |
| versus : | |
| : | |
| COMPASS GROUP USA, INC., d/b/a : | |
| EUREST DINING SERVICE and : | |
| CARI ORLANDI : | FEBRUARY 14 , 2005 |
|     Defendants : | |

**PLAINTIFF TIMOTHY HAYES' PROPOSED JURY INSTRUCTIONS**

Pursuant to this Honorable Court's Pre Trial Order dated November 3, 2004, the Plaintiff, Timothy Hayes ("Mr. Hayes"), through his legal counsel, hereby submits the following proposed instructions to the jury. More specifically, these proposed jury instructions are directed at plaintiff's substantive claims, namely his age discrimination claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§46A-60 *et seq*.

1. The first claim or cause of action in Plaintiff's complaint is brought under the Age Discrimination in Employment Act ("ADEA"). That law provides:

>  (a)  It shall be unlawful for an employer--
>
>  (1) to fail or refuse to hire or to. . . otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
> 29 U.S.C. Sec. 623(a)

In short, the ADEA prohibits employment discrimination on the basis of age.

2. The second claim or cause of action in Plaintiff's complaint is brought under the Connecticut Fair Employment Practices Act ("CFEPA"). That law provides:

> (a) It shall be a discriminatory practice. . .(1) For an employer, by himself or his agent, to refuse to hire or employ. . . any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's age. . .
>
> Conn Gen. Stat. Sec. 46a-60(a)

In short, the CFEPA also prohibits employment discrimination on the basis of age.

3. An unlawful employment practice is established if Mr. Hayes demonstrates that it is more likely than not that age was a motivating factor in or contributed to the Defendants' decision to terminate him. 42 U.S.C. Sec. 2000e-2(m); Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1350 (7th Cir. 1995); Stratton v. Dept For Aging For the City of New York, 132 F.3d 869, 878, 879 (2d Cir. 1997); Stern v. Trustees of Columbia University of the City of New York, 131 F.3d 305, 312 (2d Cir. 1997). Holtz v. Rockefeller & Co., 258 F2nd 62, 76 (2d Cir. 2001) citing Renz v. Grey Advert. 135 F3rd 217, 222 (2d Cir. 1997)

4. "Direct evidence of discrimination is not necessary." Lizardo v. Denny Inc.'s, 270 F.3d 94, 104 (2d Cir. 2001) (citing Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir.1998)). If there is sufficient circumstantial evidence on which to build a case, it is for you to determine what inferences can be drawn from that evidence." Id. Indeed, circumstantial evidence is common in discrimination suits, because "an employer who discriminates is unlikely to leave a 'smoking gun,' such as a notation in an employee's personnel file, attesting to a discriminatory intent." Norton, 145 F.3d at 119 (quoting Rosen v. Thornburgh, 928 F.2d 528, 533 (2d Cir.1991)). Stern v. Trustees of Columbia University of the City of New York, 131 F.3d 305, 314 (2d Cir. 1997) citing Cf., e.g., Washington v. Davis, 426 U.S. 229, 242, 96 S.Ct. 2040, 2048, 48 L.Ed.2d 597 (1976) ("an invidious discriminatory purpose may often be inferred from the totality of the relevant facts").

5. Employment discrimination cases based on circumstantial evidence, such as this one, are analyzed under the three-step burden shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973).

6. Given that most **age discrimination** plaintiffs cannot offer "**smoking gun**" evidence establishing discriminatory intent, relying instead on circumstantial evidence, courts analyze ADEA claims under the three-part burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); Holtz, 258 F.3d at 76. Pursuant to this analysis, plaintiff must first establish a *prima facie* case of **age discrimination.** If he does so, the employer must offer a legitimate, nondiscriminatory business rationale for its actions. Once the employer articulates such a reason, the plaintiff has the burden of proving that his age was the real reason for the adverse action. Ferrell v. Leake & Watts Services, Inc., 83 Fed. Appx. 342, 2003 U.S. App. LEXIS 23727, 2003 WL 22743076, at 2 (2nd Cir. Nov. 20, 2003).

7. In determining Defendants' motivations, you should consider that intent or motive can rarely be established by direct evidence and must often be proved circumstantially and by inference. Plaintiff is not required to provide direct proof of unlawful motive, intent or design. A motive, intent or design to violate a person's constitutional rights, if it exists, is seldom admitted and may be inferred from the existence of other facts. Missouri National Education Association v. New Madrid County School District, 810 F.2d 164 (8th Cir. 1987); Rookard v. Health & Hospitals Corp., 710 F.2d 41 (2d Cir. 1983); Arlington Heights v. Metro Housing Corp., 429 U.S. 252 (1977).

8. Among the circumstantial evidence you may consider in order to determine whether Defendants' intent or motive are discriminatory or retaliatory are the following:
First, the specific sequence of events leading up to the challenged decision may shed some light on the Defendants' motives.

Second, the historical background of the decision is a source of evidence, particularly if it reveals a series of actions taken for invidious purposes. However, this is not to say that a consistent pattern is necessary to find discrimination or retaliation. A single act may also constitute such a violation.

Third, departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role. Substantive departures too may be relevant, particularly if the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached.

Finally, you can consider whether the reasons offered by the Defendants for its decision to terminate Mr. Hayes are believable or whether they are a pretext for discrimination. Actions taken by an employer that disadvantage an employee for no logical reason constitute strong evidence of an intent to discriminate. If you find that the Defendants' reasons are not worthy of belief, this alone may be sufficient to establish that Defendants' actions were taken with a discriminatory or retaliatory motive.

However, it is up to you to decide, based upon all of the evidence presented, whether or not Mr. Hayes has proved that it is more likely than not that Defendants acted with a discriminatory or retaliatory motive.

Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266-268, 97 S. Ct. 555, 50 L.Ed.2d 450, 465-466 (1977); Guillory v. County of Orange, 731 F.2d 1379, 1383 (9th Cir. 1984); Stern v. Trustees of Columbia University of the City of New York, 131 F.3d 305, 313 (2d Cir. 1997) Stratton v. Dept For Aging For the City of New York, 132 F.3d 869, 880 n.6 (2d Cir. 1997) and cases cited therein.

9. In order to establish a *prima facie* case, a plaintiff must demonstrate the following: 1) he was within the protected age group (over the age of forty (40)); 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse action occurred under

4

circumstances giving rise to an inference of discrimination. Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir.2003) (internal quotation marks omitted). Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (citing McDonnell Douglas, 411 U.S. at 802).

10. "A plaintiff's burden of establishing a *prima facie* case is de minimis." Abdu-Brisson v. Delta Airlines, Inc., 239 F.3d 456, 467 (2d Cir. 2001). A plaintiff's burden of establishing the first part of the test, proving a *prima facie* case of employment discrimination, is "minimal". Collins v. New York City Transit Auth., 305 F.3d 113, 118 (2d Cir. 2002).

11. If a plaintiff is able to establish a *prima facie* case of discrimination, the burden then shifts to the employer to provide legitimate nondiscriminatory [*13] reasons for the employee's rejection. McDonnell Douglas Corp., Craine v. Trinity College, 259 Conn. 625, 637, 791 A.2d 518 (2002); State of Conn. v. Comm'n on Human Rights and Opportunities, 211 Conn. 464, 470, 559 A.2d 1120 (1989); Grey v. City of Norwalk Board of Education, 304 F. Supp. 2d 314, 328 (D. Conn. 2004).

12. This *prima facie* case creates a presumption that the employer unlawfully discriminated against the plaintiff, and the burden then shifts to the employer to "articulate a legitimate, clear, specific and nondiscriminatory reason" for its actions. Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir. 1995); see also Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981).

13. Such proof shifts the burden to defendant "to produce evidence that the plaintiff was [terminated] for a legitimate, nondiscriminatory reason. This burden is one of production, not persuasion; it can involve no credibility assessment." Reeves v. Sanderson Plumbing, 530 U.S. 133,

142, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000) (internal citations, quotations, and alterations omitted).

14. If the employer articulates a neutral reason for the plaintiff's termination -- such as poor performance -- the burden shifts back to the plaintiff to show pretext. That is, the plaintiff "may attempt to establish that he was the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence." Reeves, 530 U.S. at 143.

15. Showing the employer's proffered legitimate explanation for termination is not worthy of belief is "one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147, 120 S. Ct. 2097, 2108-9 (2000)

16. The plaintiff has the opportunity to show that reason offered by the employer was not its true reason, and that age was. The question that must be asked is whether the plaintiff has shown, by a preponderance of the evidence, that he has been the victim of age discrimination. Thus, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)

17. Plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148, 120 S. Ct. 2097, 2109 (2000)

6

18. There is evidence in this case that the individual responsible for deciding to terminate Mr. Hayes is approximately Mr. Hayes' age. The fact that you find the decision-maker in this case to be over forty (40) does not mean, in and of itself, that his actions cannot constitute discrimination on the basis of age. As I said before, you have to consider all of the evidence presented in making your decision on this issue. Danzer v. Norden Systems, Inc., 151 F.3d 50, 55 (2d Cir. 1998).

19. To the extent the evidence shows that defendants' proffered reasons for terminating the plaintiff were due to a mixture of legitimate and illegitimate motives, plaintiff is not required to disprove those motives. Rather, once plaintiff has established that an illegitimate motive was one of the motivating factors in defendants' decision making, the burden then shifts to the defendant to prove that even in the absence of illegitimate motive, it would have reached the same decision regarding termination by a preponderance of the evidence. The defendant cannot meet this burden merely by showing that, at the time of the decision, it was motivated only in part by a legitimate reason. Rather, the employer must show that its legitimate reason, standing alone, would have induced it to make the same decision. Price Waterhouse v. Hopkins, 490 U.S. 228, 246-47, 252-53, 109 S.Ct. 1775, 1787-89, 1792, 104 L.Ed.2d 268 (1989). Id. at 242, 252-53, 109 S.Ct. 1775, 1787, 1792.

20. If you find that Mr. Hayes has proven his claims of age discrimination then he is entitled to damages called compensatory damages under the first and second causes of action in his complaint. The purpose of compensatory damages is to make the plaintiff whole - that is, to compensate the plaintiff for losses he may have suffered due to the Defendants' discrimination.

Such damages include compensation for loss of enjoyment of life, humiliation and embarrassment, if any, that he has suffered because of the defendants' conduct.

Abermarle Paper Co. v. Moody, 422 U.S. 405, 418, 45 L.Ed.2d 280, 95 S.Ct. 2362 (1975); 42 U.S.C. 2000e-5(g); 42 U.S.C. Section 1981a(a)(1); 29 U.S.C. Sec. 633a; Conn. Gen. Stat. Sec. 46a-104; Hennessy v. Penril Datacomm Networks, Inc. 864 F.Supp. 759, 764 (N.D.Ill.1994).

21. If you find for the Plaintiff on his claim of age discrimination under his first (Federal) cause of action, then you must determine whether the Defendants acted willfully in terminating Mr. Hayes for those reasons. An employer acts wilfully if it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Age Discrimination in Employment Act. Trans World Airlines v. Thurston, 469 U.S. 111 (1985); Stratton v. Dept For Aging For the City of New York, 132 F.3d 869, 881 (2d Cir. 1997) citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 617, 113 S.Ct. 1701, 1709-10, 123 L.Ed.2d 338 (1993).

22. If you find for Plaintiff on her claim of age discrimination under his second (State) cause of action, then you must determine whether the Defendants acted intentionally in taking its adverse employment actions. The Defendants acted intentionally if it acted with an intent to injure the

Plaintiff or if it acted in reckless disregard of his rights. <u>Collier v. State</u>, 24 Conn. L. Rptr. 433, 1999 WL 300643, pp.3-4 (Conn. Super. May 03, 1999) (NO. CV96-80659).

23. An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The Plaintiff has the burden of proving, by a preponderance of the evidence, that the individual Defendants acted maliciously or wantonly with regard to the Plaintiff's rights, if he is to recover punitive damages.

An intent to injure exists when the Defendants have a conscious desire to violate federal rights of which they are aware, or when the Defendants have a conscious desire to injure the Plaintiff in a manner they know to be unlawful. A conscious desire to perform the physical acts that caused Plaintiff's injury or to fail to undertake certain acts, does not by itself establish that Defendants had a conscious desire to violate rights or injure Plaintiff unlawfully.

If you find by a preponderance of the evidence that an individual Defendant acted with malicious intent to violate the Plaintiff's federal rights or unlawfully injure him or if you find that either Defendant acted with a callous or reckless disregard of the Plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. It's up to you.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a Defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether Defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent these Defendants from again performing any wrongful acts they may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the Defendants may have committed.

If you decide to award punitive damages these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which Defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the individual Defendant or persons like him from committing wrongful acts in the future.

Memphis Community School District v. Stachura, 477 U.S. 299, 306, 106 S. Ct. 2537, 91 L.Ed.2d 249, 259, n.9 (1986); Puleri v. Fox, Civil Action No. H-82-550 (AHN) (D. Conn. 1987).

24. Such punitive damages need not be based on the amount of any compensatory damages. Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978); Stolberg v. Board of Trustees, 474 F.2d 485 (2d Cir. 1973); Lamar v. Steele, 693 F.2d 559 (5th Cir.), rehearing denied, 698 F.2d 1286, cert denied, 104 S. Ct. 86 (1983).

25. With respect to Plaintiff's claims for damages, it is Plaintiff's burden to establish the amount of such damages with reasonable certainty. However, the fact that such damages might be difficult of accurate determination does not prevent the Plaintiff from recovering them. Proto v. Bridgeport Herald Corp., 136 Conn. 557, 72 A.2d 828 (1950).

26. In addition, you will also be asked to calculate separately the amount of past and future pay and benefits were lost by Plaintiff, if any, as a result of Defendants' discriminatory acts, for the purpose of calculating damages under the first cause of action in her complaint. Conn. Gen. Sta. Sec. 46a-104.

    PLAINTIFF
    TIMOTHY HAYES

    _____
    Stephen F. McEleney
    Federal Bar No. ct04073
    McEleney & McGrail, LLC
    363 Main Street
    Hartford, Connecticut 06106
    His Attorneys
    stephen@mceleneylaw.com

## CERTIFICATION

I HEREBY CERTIFY, that a copy of Plaintiff Timothy Hayes' Proposed Jury Instructions was mailed, first class mail, postage prepaid on this the 14th day of February, 2005 to:

Christopher Kenney, Esq.
Margaret Paget, Esq.
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110

Lawrence Peikes, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06901

Fred Frangie, Esq.
Robert Fortgang & Associates
573 Hopmeadow Street
Simsbury, CT 06070

_____
Stephen F. McEleney, Esq.