FILED

2005 FEB 14 P 3: 51

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY HAYES<br>Plaintiff | : CIVIL ACTION NO.:3:00cv0973(AHN)(HBF) |
| versus | : |
| COMPASS GROUP USA, INC., d/b/a<br>EUREST DINING SERVICE and<br>CARI ORLANDI<br>Defendants | :<br>:<br>: FEBRUARY 14 , 2005<br>: |

## JOINT STATEMENT

Pursuant to this Honorable Court's Pre Trial Order dated November 3, 2004, the Plaintiff, Timothy Hayes ("Mr. Hayes"), through his legal counsel, and the defendants, Compass Group USA, Inc., d/b/a Eurest Dining Service and Cary Orlandi (collectively "defendants"), through their respective legal counsel, hereby submit the following Joint Statement.

**a.   Parties.**   Plaintiff, Mr. Timothy Hayes, was born on September 30, 1950. He commenced employment in the food services industry on July 30, 1973. He worked for the defendant, Compass Group, USA, d/b/a Eurest Dining Service at the time of his discharge on June 1, 1998.

Defendant, Compass Group USA d/b/a Eurest Dining Service ("Compass"), provides on-site cafeteria and restaurant-style dining services to businesses and other institutions throughout the United States. Defendant, Cary Orlandi ("Mr. Orlandi"), is the Regional Vice President for the Northeast Region for Compass and was plaintiff's direct supervisor. On June 1, 1998 Mr. Hayes was discharged by Mr. Orlandi. On May 25, 2000 Mr. Hayes filed his complaint.

**b.   *Claims at Trial.*** Defendants moved jointly for summary judgment as to all of Mr. Hayes' counts. On October 7, 2004, the Court (Nevas, J.) ruled on the Defendants' Motion for

{00053148.DOC /}

Summary Judgment as follows: Count III (ERISA) dismissed, Count IV (Negligent Infliction of Emotional Distress) dismissed, Count V (Intentional Infliction of Emotional Distress) dismissed, and Count VI (Defamation) dismissed. Plaintiff intends to pursue the remaining claims, Count I (ADEA) and Count II (CFEPA), at time of trial.

c.  **Defenses.**    Defendants maintain that Mr. Hayes was an employee-at-will who was discharged for poor job performance. The defendants deny that they discriminated against Mr. Hayes, or that his age was even a consideration in his discharge.

d.  **Theories of the Case.**

i. Plaintiff's Theory  A motivating factor for the plaintiff's discharge was his age and he is over the age forty (40). The defendant's proffered reason for discharge is a pretext.

ii. Defendant's Theory  The plaintiff was discharged for poor performance. Age is not a factor in employment decisions at Compass, and, thus, the plaintiff's age played no role in his hire, promotion, or discharge. In fact, on June 1, 1998, when Mr. Orlandi informed the plaintiff that his employment as a Regional Manager for Compass Group/Eurest was being terminated, Mr. Hayes was 47 years old; Mr. Orlandi was 46 years old. Moreover, it was Mr. Orlandi who had promoted the plaintiff to Regional Manager only two years before.

The plaintiff's remote employment history in different positions for different employers is not relevant or probative of his performance as a Regional Manager for Compass. Likewise, the plaintiff's allegations that the defendants harbored age animus against other former Compass employees is far more prejudicial than probative.

e.  **Pretrial Motions/Issues.**    Plaintiff intends to file a Motion in Limine as to all comments and/or testimony that reference the relationship between the plaintiff and his wife that began while they both worked for Compass Group and to preclude reference to the Court's Motion for Summary Judgment Findings on the Third through Fifth Counts.

{00053148.DOC /}

Plaintiff also intends to file a motion to the Court requesting authority to subpoena witness Wayne Patick from Melrose, MA to Bridgeport to testify at trial.

The defendants intend to move *in limine* to preclude the plaintiff from offering evidence regarding any other former employees who believe they were subjected to discrimination during their employment at Compass. These allegations are disputed, unproven, and in some cases have been previously litigated and resolved in favor of Compass. Such evidence will confuse the issues surrounding the plaintiff's claim, and is far more prejudicial to the defendants than probative of the plaintiff's case.

Defendants' also seek to exclude plaintiff from presenting the CHRO's finding of Reasonable Cause. This finding followed an administrative hearing before a "hearing officer," and was governed by different rules of procedure, evidence and proof. Although the plaintiff was represented by counsel, neither Compass nor Mr. Orlandi had the benefit of counsel at the hearing.

The parties will make good faith efforts to resolve these issues without the need for judicial intervention.

| TIMOTHY HAYES, | COMPASS GROUP USA, INC. AND CARY ORLANDI, |
|---|---|
| By his attorney, | By their attorneys, |
| Stephen McEleney, Fed. Bar #CT06181 | Christopher A. Kenney, Fed. Bar #CT25017 |
| McEleney & McGrail, LLC | Margaret H. Paget, Fed. Bar #: CT25016 |
| 363 Main Street | Sherin and Lodgen LLP |
| Hartford, CT 06106 | 101 Federal Street |
| (860) 249-1400 | Boston, MA 02110 |
| | (617) 646-2000 |

Dated: February 14, 2005

{00053148.DOC /}

## CERTIFICATION

I HEREBY CERTIFY, that a copy of the forgoing has been mailed, first class postage prepaid on this 14th day of February, 2005 to the following counsel of record:

Christopher Kenney, Esq.
Margaret Paget, Esq.
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110

Lawrence Peikes, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06901

Fred Frangie, Esq.
Robert Fortgang & Associates
573 Hopmeadow Street
Simsbury, CT 06070

By _____
Stephen F. McEleney, Esq.