UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

C.A. NO.: 3:00 CV 0973 (AHN) (HBF)

| | |
|---|---|
| TIMOTHY HAYES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMPASS GROUP USA, INC., | ) |
| d/b/a EUREST DINING SERVICES | ) |
| and CARY ORLANDI, | ) |
| | ) |
|     Defendants. | ) |

2005 FEB 14  P 3: 54
U.S. DISTRICT COURT
BRIDGEPORT, CONN.
FILED

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, Compass Group USA, Inc. ("Compass") and Cary Orlandi ("Orlandi"), request that the Court give the following proposed instructions to the jury. As directed by the Court in its Pre-Trial Order dated November 3, 2004, these Proposed Jury Instructions deal only with the substantive issues remaining in this action.

Following the Court's decision on Defendant's Motion for Summary Judgment, the only remaining substantive claim(s) to be decided at trial is Plaintiff's claim of age discrimination pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 *et seq.* ("CFEPA").[1] Defendants reserve the right to submit additional proposed instructions as may become appropriate during the course of the trial.

### I.  Liability for Age Discrimination

---

[1] The elements of an age discrimination action under CFEPA are the same as those under the ADEA. See Craine v. Trinity College, 259 Conn. 625, 637 n.6 (2002)(citing State v. Comm'n on Human Rights & Opportunities, 211 Conn. 464, 468-470 (1989) (Connecticut courts "look to federal law for guidance on interpreting state employment discrimination law, and the analysis is the same under both."). Therefore, as to liability, the instructions for both statutes are the same. In sections II and III below, Defendants propose jury instructions to deal with the specific damages elements under each statute individually.

Request No. 1

It is unlawful for an employer to make an employment decision on the basis of an individual's age when that individual is 40 years of age or older.[2]

Request No. 2

The burden of persuasion remains at all times with the plaintiff, Mr. Hayes.[3] Mr. Hayes must prove his age discrimination claim by a preponderance of the evidence.[4]

Request No. 3

In order for Mr. Hayes to prove his claims, he must prove, by a preponderance of the evidence, each and every one of the following:

1) that he was over 40 years old at the time he was terminated;

2) that he was performing his job competently;

3) that he suffered from an adverse employment decision; and

4) that Compass made the adverse employment decision because of Mr. Hayes' age.

If you do not find each and every one of these elements, you must dismiss Mr. Hayes' claims for age discrimination.[5]

Request No. 4

You must base your findings on how Mr. Hayes was treated and why, not how, Compass treated other employees. Evidence that other, older employees have been terminated or resigned is not necessarily evidence of discrimination against Mr. Hayes.[6]

---

[2] ADEA, 29 U.S.C. §§ 623(a), 631 (1997), CFEPA, Conn. Gen. Stat. 46a-60.
[3] Scaria v. Rubin, 117 F.3d 652, 654 (2d Cir. 1997) ("Although, the burden of production shifts to the defendant, the ultimate burden of persuading the trier of fact of intentional discrimination remains at all times with the plaintiff") (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993)).
[4] Scaria, 117 F.3d at 653 (citing Fisher v. Vassar College, 114 F.3d 1332, 1335 (2d Cir. 1997)).
[5] Board of Education of the City of Norwalk v. Comm. on Human Rights and Opportunities, 266 Conn. 492, 505 (2003); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000).

2

Request No. 5

If the plaintiff persuades you by a preponderance of the evidence that Compass discharged him because of his age, then you must consider Compass' defense that this action was based upon Hayes' poor performance. As you consider this, remember that the defendant bears only the burden of articulating a legitimate, non-discriminatory reason for his actions. Compass does not have to persuade you of this fact by a preponderance of the evidence; rather, it need only produce enough evidence in support of its claim to create a genuine issue of fact in your mind.[7]

Request No. 6

If Compass has satisfied its burden of production by proffering evidence tending to show a non-discriminatory reason for the challenged action, Mr. Hayes may introduce evidence that the reason was nothing more than a pretext for age discrimination. In other words, the plaintiff may introduce evidence to show that the reasons given by Compass for terminating Mr. Hayes's employment were not the real reasons for doing so, and that the true reason for his termination was age discrimination. When you consider Mr. Hayes' evidence that the reason advanced by Compass is a pretext, keep in mind that the relevant question is not whether Compass acted with poor or erroneous judgment. Compass was entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination. You may, however, consider whether the defendant's reason is merely a cover-up for age discrimination.

---

[6] Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984); Goldman v. First National Bank, 985 F.2d 1113, 1119 (1st Cir. 1993); Coudert v. Janney Montgomery Scott, LLC, 2004 WL 2381552, *8 (D.Conn. 2004)(Kravitz, J.).
[7] Adapted from Sands, *Modern Federal Jury Instructions* (Civil), Vol. 5, Instruction 88-36 (2004); Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 105 (2d Cir. 2001).

It is Mr. Hayes' burden to persuade you, by a preponderance of the evidence, that Compass terminated him because of his age. If you do not believe Compass' explanation for its actions, then you may infer, but need not infer, that Mr. Hayes has satisfied his burden of proof that the defendant intentionally discriminated against him because of his age.[8]

Request No. 7

If you find that the person who made the decision to terminate the plaintiff's employment was the same person who hired or promoted the plaintiff within several years preceding the termination, you may infer, but need not infer that age was not the motivating factor in the decision to terminate the plaintiff's employment.[9]

## II. **Damages**

Request No. 8

If you find against Compass and in favor of Hayes, you must decide whether Hayes has proven by a preponderance of the evidence that he suffered any financial loss or emotional distress as a result of Compass' actions.[10]

Request No. 9

Plaintiff has an obligation to attempt to mitigate or lessen his damages by using reasonable diligence in finding other suitable employment.[11]

Request No. 10

The purpose of federal and state laws prohibiting age discrimination is to make persons whole for losses suffered as a result of unlawful employment discrimination. A successful

---

[8] Adapted from Sands, *Modern Federal Jury Instructions* (Civil), Vol. 5, Instruction 88-37 (2004); Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001)(quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)).
[9] Schnabel v. Abramson, 232 F.3d 83, 91 (2d Cir. 2000).
[10] Scaria, 117 F.3d at 653.
[11] Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 695 (2nd Cir. 1998).

4

plaintiff is entitled to recover his lost wages and benefits. The amount of wages and benefits due is determined by calculating the amount the plaintiff would have earned from the date of termination to the date you, the jury, return a verdict, unless you find that Mr. Hayes would have been terminated prior to trial for non-discriminatory reasons. In such circumstances, lost wages and benefits are calculated from the date of termination to the date such discharge would have occurred.[12]

Request No. 11

Front pay is compensation for the loss of future salary and benefits. If you find age discrimination, you may award Hayes damages for lost future income and benefits which he incurred as a result of his termination, deducting therefrom any sums which you may find he has received since the date of his termination.[13]

Request No. 12

I instruct you that even if the plaintiff persuades you that the defendant has engaged in unlawful age discrimination against him, you may *not* award the plaintiff punitive damages intended to punish Compass for its conduct rather than to compensate Mr. Hayes for his actual losses.[14]

Request No. 13

If you find Hayes has proven that he was discriminated against, and that as a result of Compass's actions he suffered emotional distress, you may award damages to compensate him.

---

[12] Adapted from Sands, *Modern Federal Jury Instructions* (Civil), Vol. 5, Instruction 88-38 (2004); Banks v. The Travelers Companies, 180 F.3d 358 (2d Cir. 1999).
[13] Preston v. Phelps Dodge Copper Products, 35 Conn.App. 850, 856 n. 6 (1994) ( citing Buckley v. Reynolds Metals Co., 690 F.Supp. 211, 218-21 (S.D.N.Y. 1988)).However, it should be noted that "an award of front pay under the ADEA is exclusively within the court's equitable discretion" and is not within the province of the jury. Banks v. The Travelers Companies, 180 F.3d 358, 363-364 (2d Cir. 1999).
[14] Adapted from Sands, *Modern Federal Jury Instructions* (Civil), Vol. 5, Instruction 88-40 (2004); Herbst v. Chesebrough-Pond's, Inc., 1986 WL 22358, *2 (D. Conn. 1986)(quoting Addie Johnson v. Altech Specialties Steel Corp., 731 F.2d 143, 147 (2d Cir. 1984).

Such an award must be proportionate to the emotional distress that Hayes suffered as a direct result from that discrimination. Any award for emotional problems that the plaintiff had before the event about which he complains would be improper.[15]

Request No. 14

If you find that the defendant's violation of the ADEA was "willful," you must award Hayes liquidated damages—that is, an amount equal to the lost wages and benefits you award. Liquidated damages must be awarded to the plaintiff in addition to the lost wages and benefits he receives.

The defendant acted willfully if, and only if, it deliberately, intentionally, and knowingly discharged the plaintiff because of his age, and if, and only if, it knew that such conduct was unlawful or showed reckless disregard of whether such conduct was unlawful or not.[16]

COMPASS GROUP, USA, INC. and
CARY ORLANDI,

By their attorneys,

Christopher A. Kenney, Fed. Bar # CT25017
Margaret H. Paget, Fed. Bar # CT25016
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

_____
Lawrence Peikes (ct07913)
Wiggin and Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-03251

Dated: February 14, 2005

---

[15] Ragin v. Laidlaw Transit, Inc., 1999 WL 977603, *4 (D.Conn. 1999)
[16] Adapted from Sands, *Modern Federal Jury Instructions* (Civil), Vol. 5, Instruction 88-40 (2004); Herbst v. Chesebrough-Pond's Inc., 1986 WL 22358, *2 (D.Conn. 1986)(quoting Addie Johnson v. Al Tech Specilties Steel Corp., 731 F.2d 143, 147 (2d Cir. 1984); Paolitto v. John Brown E&C, Inc., 151 F.3d 60, 67 (2d Cir. 1998).

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Defendants' Proposed Jury Instructions was served on this 14th day of February, 2005, by Federal Express on:

>Stephen F. McEleney, Esq.
>McEleney & McGrail
>363 Main Street
>Hartford, CT  06106

_____
Lawrence Peikes