UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY HAYES<br>Plaintiff | : CIVIL ACTION NO: 3:00 CV 0973 (AHN)(HBF)<br>: |
| VS. | : |
| COMPASS GROUP USA, INC.,<br>d/b/a EUREST DINING SERVICES<br>and CARY ORLANDI<br>Defendants | :<br>:<br>: FEBRUARY 14, 2005 |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS'**
**PROPOSED LIST OF EXHIBITS**

Pursuant to Paragraph 3 of this Court's Pre-trial Order, objections on the grounds of relevance are reserved for a later date. Otherwise, the Plaintiff objects as follows:

**Exhibit # 4** -- Letter from third party (Lane Press) describing results of Lane Press survey of its employees and providing notice of termination of services.

**Objection:** Hearsay and does not qualify for Rule 803(6) admissibility.

**Exhibit #8** -- Results of survey conducted by outside company OCM allegedly completed by unidentified individual.

**Objection:** Hearsay and does not qualify for admission under Rule 803(6).

**Exhibit # 17** -- Memorandum of defendant employees referencing hearsay statements of non-employees.

**Objection:** Hearsay and does not qualify for admission under Rule 803(6).

**Exhibit #21** -- Unsigned customer survey.

**Objection:** Hearsay and does not qualify for admission under Rule 803(6). Not authenticated by author Rule 901(a).

**Exhibit #22** -- Letter from Defendant to a customer containing hearsay and self-serving statements.

**Objection:** Hearsay and does not qualify for admission for Rule 803(6) exception. Also inadmissible under Rule 403.

**Exhibit #23** -- Anonymous letter alleging Plaintiff had an affair.

**Objection:** Hearsay and does not qualify for admission for Rule 803(6) exception. Also excludable under Rule 403 and Rule 901 as unauthenticated and unsigned.

**Exhibit #35** -- Declaration of Robert Berg attached to the Defendants' Motion for Summary Judgment.

**Objection:** Hearsay.

**Exhibit #16** -- Memo 10/16/97, Hayes to Orlandi, includes a note from Orlandi which appears not to be part of this exhibit.

**Objection:** May be irrelevant to the actual exhibit.

**Exhibit #20** -- Two copies of memorandum of 1/12/98 from Orlandi to Hayes.

**Objection:** No objection to clean copy. Handwriting on second copy not legible, possibly irrelevant and hearsay.

**Exhibit #'s 37 & 38** -- Documents containing data.

**Objection**: Possible authentication objection under Rule 901. Plaintiff's council will first make effort to authenticate.

RESPECTFULLY SUBMITTED

By: _____
Stephen F. McEleney
Federal Bar No. ct04073
McEleney & McGrail, LLC
363 Main Street
Hartford, Connecticut 06106
His Attorneys
stephen@mceleneylaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, first class postage prepaid, on this 14th day of February, 2005, to the following counsel of record:

Christopher Kenney, Esq.
Margaret Paget, Esq.
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110

Lawrence Peikes, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06901

Fred Frangie, Esq.
Robert Fortgang & Associates
573 Hopmeadow Street
Simsbury, CT 06070

_____
Stephen F. McEleney