UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

C.A. NO.: 3:00 CV 0973 (AHN) (HBF)

TIMOTHY HAYES,             )
                           )
    Plaintiff,             )
                           )
v.                         )
                           )
COMPASS GROUP USA, INC.,   )
d/b/a EUREST DINING SERVICES )
and CARY ORLANDI,          )
                           )
    Defendants.            )
_____)

**DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S PROPOSED LIST OF EXHIBITS**

1.   Evaluations of Timothy Hayes since 1973.

     **Defendants' Objection: Irrelevant.  These are unduly remote, and relate to different positions with different employers.**

2.   The response of July 20, 1998 from C. Phillip Wells of Compass Group to Attorney McGrail enclosing what the defendant represented to be the personnel file of Timothy Hayes. (Exhibit B to Plaintiff's disclosure response).

     **Defendants' Objection: Irrelevant.**

3.   The employment application of Timothy Hayes dated June 28, 1973.

     **Defendants' Objection: Irrelevant.**

4.   The Compass Human Resources Manual cover page and section on progressive counseling procedure (§ 1320.0).

     **Defendants' Objection: Irrelevant.**

5.   Defendants' Salary Continuation Plan document (Tab 4-MSJ).

     **Defendants' Objection: Irrelevant.**

6. Defendants' Severance Policy (Tab 38-MSJ).

**Defendants' Objection: Irrelevant.**

7. Defendants' Compensation Guidelines and Administration Manual (Tab 39-MSJ).

**Defendants' Objection: Irrelevant.**

8. CHRO Finding of Reasonable Cause dated November 24, 1998.

**Defendants' Objection: The prejudicial effect of this evidence outweighs its probative value (See Fed. R. Evid. 403) and infringes on the jury's fact-finding role. Defendants also refer to their Motion in Limine to Exclude Finding of Connecticut Human Rights Commission.**

9. Release of Jurisdiction from CHRO dated May 9, 2000.

**Defendants' Objection: The prejudicial effect of this evidence outweighs its probative value (See Fed. R. Evid. 403) and infringes on the jury's fact-finding role. Defendants also refer to their Motion in Limine to Exclude Finding of Connecticut Human Rights Commission.**

10. Notice of Right to Sue from EEOC dated May 16, 2000.

**Defendants' Objection: The prejudicial effect of this evidence outweighs its probative value (See Fed. R. Evid. 403) and infringes on the jury's fact-finding role. Defendants also refer to their Motion in Limine to Exclude Finding of Connecticut Human Rights Commission.**

11. "Termination for the past twelve months" document from Mr. Orlandi to CHRO (COM-0353).

**Defendants' Objection: Irrelevant.**

12. "All unit employees: Regional and District Mangers, Supervisory and above" document from Mr. Orlandi to CHRO.

**Defendants' Objection: Irrelevant.**

**Exhibits 13-22:** No objection.

23. October 24, 1997 memo from Mr. Orlandi to Canning.

**Defendants' Objection: Irrelevant.**

**Exhibits 24-35:** No objection.

36. Eurest Quality and Standard Yearly Check List (5 pages).

**Defendants' Objection: Irrelevant.**

37. "Operating Profitability as of May 19, 1998" document (2 pages).

**Defendants' Objection: Irrelevant.**

38. Price increases – Northeast – Third period 1998.

**Defendants' Objection: Irrelevant.**

39. Inventory turns – by DM (page).

**Defendants' Objection: Irrelevant.**

**Exhibit 40:** No objection.

41. Compass Group USA – Field Incentive Plan 1997 dated November 26, 1996 (1 page).

**Defendants' Objection: Irrelevant.**

42. 1998 Fiscal Year Summary (2 pages).

**Defendants' Objection: Irrelevant.**

43. Pricing Status dated October 27, 1997 (2 pages).

**Defendants' Objection: Irrelevant.**

44. Confidential documents SL 01295 – SL 01304.

**Defendants' Objection: Irrelevant.**

45. Summary of documents SL 01295 – SL 01340.

**Defendants' Objection: Hearsay and irrelevant.**

**Exhibits 46-47:** No objection.

48. Northeast Staffing as of June 1998 (1 page).

**Defendants' Objection: Hearsay and irrelevant.**

{00053074.DOC /}

49. Eurest Dining Services Northeast Region Table of Organization.

   **Defendants' Objection: Hearsay and irrelevant.**

50. "Eurest Dining Services Northeast Region" organizational chart (COM-0495).

   **Defendants' Objection: Hearsay and irrelevant.**

51. Untitled organizational chart.

   **Defendants' Objection: Hearsay and irrelevant.**

52. Disclosed documents – confidential – SL 3922 – SL 3937.

   **Defendants' Objection: Irrelevant.**

53. Disclosed documents – confidential – SL 3921 – SL 3937.

   **Defendants' Objection: Irrelevant.**

**Exhibit 54:** No objection

55. June 1, 1998 memo from Rockas to Field Associates regarding Internal Documents/Internal Protocol (available positions within Compass Group).

   **Defendants' Objection: Irrelevant.**

56. Eurest Dining Services – Revised Operation Job Structure – Appendix 1A.

   **Defendants' Objection: Irrelevant.**

**Exhibit 57:** No objection.

58. March 20, 1999 memo from Mr. Orlandi to Mr. Chizmar.

   **Defendants' Objection: Irrelevant.**

59. November 11, 1998 memo from Mr. Orlandi to all district managers.

   **Defendants' Objection: Irrelevant.**

60. September 1997 Compass Group USA Compensation Management Guidelines.

   **Defendants' Objection: Irrelevant.**

61. Plaintiff's Complaint in <u>Hayes v. Compass Group USA, Inc. et al.</u>, May 25, 2000.

    **Defendants' Objection**: Hearsay and irrelevant.

62. Defendant's Answer in <u>Hayes v. Compass Group USA, Inc. et al.</u>, July 5, 2000.

    **Defendants' Objection**: Irrelevant.

63. Compass Group and subsidiaries (COM-0493).

    **Defendants' Objection**: Irrelevant.

64. Canning performance appraisal (Tab 18 - MSJ).

    **Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

65. December 10, 1998 memo from Mr. Orlandi to Canning (CO150).

    **Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

66. March 29, 1999 memo from Mr. Orlandi to "All Units" regarding Canning.

    **Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

67. Orlandi's 1994 Goals (Tab 19 – MSJ).

    **Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

68. Canning performance appraisal (Tab 20 – MSJ).

    **Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

69. Canning performance appraisal (Tab 21 – MSJ).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

70. Check list for severance regarding Patick (Tab 23 – MSJ).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

71. Letter dated January 14, 1997 from Valentine to Katona (Tab 24 – MSJ).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

72. July 22, 1997 memo from Valentine to Katona (Tab 25 – MSJ).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

73. 1997 Performance Evaluation - Katona (Tab 26 – MSJ).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

74. December 18, 1997 letter from Katona to Valentine (Tab 27 – MSJ).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

75. December 16, 1997 letter from Valentine to Katona (Tab 28 – MSJ).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

76. Memo Leigh Ann Wright to B. Kovacs regarding Wawrzynski's separation from Compass (3 pgs).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

77. Evaluation regarding D'Amico (Tab N – MSJ).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.

78. Hayes' resume and response to Compass internal job inquiry (Exhibit V of Plaintiff's disclosure).

**Defendants' Objection: Hearsay and irrelevant.**

79. Mr. Hayes' Resume and documents concerning Mr. Hayes' post-termination job search.

**Defendants' Objection: Hearsay and irrelevant.**

**Exhibits 80-82**: No objection.

83. Compass Group USA, Inc. Non-qualified Deferred Compensation Plan, Plan Summary.

**Defendants' Objection: Irrelevant.**

84. Compass Group USA, Inc. Non-qualified Deferred Compensation Plan, Questions and Answers.

**Defendants' Objection: Irrelevant.**

**Exhibits 85-88**: No objection.

89. Mr. Hayes' Host America Employee Expense Reports for the weeks ending October 25, 2002, November 29, 2002, December 27, 2002, May 30, 2003, June 27, 2003 and July 25, 2003.

**Defendants' Objection: Hearsay and irrelevant.**

90. Materials from Mr. Hayes' personnel file at Compass Group, Inc.

**Defendants' Objection: Irrelevant.**

{00053074.DOC /}

91.    Plaintiff's Income Summary.

      **Defendants' Objection: Hearsay.**

92.    Plaintiff's Salary and Evaluation History.

      **Defendants' Objection: Hearsay and irrelevant.**

93.    Multiple documents, including letter from Christopher Ashcroft to Timothy Hayes and Severance Guidelines.

      **Defendants' Objection: Irrelevant and prejudicial. The Severance Guidelines (4 pages) are a separate document, not sent with the Ashcroft letter. Further, the guidelines are irrelevant since Hayes's claim of entitlement to severance was dismissed at summary judgment.**

**Exhibits 94-97:** No objection.

98.    Compass Group PLC 1999 Stock Bonus Plan for U.S. Employees.

      **Defendants' Objection: Irrelevant.**

99.    July 14, 1998 letter from Mr. Hayes to Cary Orlandi, Compass Group USA Division.

      **Defendants' Objection: Hearsay and irrelevant.**

100.    Compass Group USA Division 401(k) Summary Plan Description.

      **Defendants' Objection: Irrelevant.**

**Exhibit 101:** No objection.

102.    Mr. Hayes resume undated.

      **Defendants' Objection: Hearsay and irrelevant.**

**Exhibits 103-113:** No objection.

114.    Resume of Steven J. Shapiro, PhD.

      **Defendants' Objection: Hearsay.**

115.    October 1, 2003 report of Steven J. Shapiro, PhD.

      **Defendants' Objection: Hearsay.**

{00053074.DOC /}

116.    Supplement to Steven J. Shapiro, PhD report.

**Defendants' Objection: Hearsay.**

117.    The Defendant's Responses to the Plaintiffs Request for Admissions dated November 13, 2000, as follows: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 18, 20, 21, 22, 24, 25, 26, 28, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 51, 53, 54, 55, 56, 57, 59, 60, 61, 62, 64, 65, 66, 67, 69, 70, 71, 72, 73, 76, and 77.

**Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.**

118.    The Defendant's Responses to the Plaintiff's First Request for Production dated November 10, 2000 as follows: 1, 2, 3, 5, 6, 8, 8, 10, 11, 13, 14, 16, 17, 18, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 42, 43, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 115, 116, and 117.

**Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.**

119.    The Defendant's responses to the Plaintiff's Second Request for Production dated January 19, 2001 as follows: 1, 2, 3 and 4.

**Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.**

120.    The Defendant's responses to the Plaintiff's Third Request for Production dated September 30, 2001 as follows: 4, 5, 6, 7, 8, 9, 10, 14, 15, 16, 17, 19, 20, 21, 22 and 23.

**Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.**

121.    The Defendants' responses to the Plaintiff's Interrogatories dated November 21, 2000 as follows: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 14.

**Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees). Irrelevant.**

{00053074.DOC /}

122.   Excerpts Deposition—Mr. Orlandi—March 9, 2001 (pgs 67-70, 104-108, 139-142).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.

123.   Excerpts Deposition—Mr. Gaber—April 25, 2001 (pgs 4-16, 61-80).

**Defendants' Objection**: Irrelevant.

124.   Excerpts Deposition—Mr. Nichols in Canning v. Compass Group, et al. May 16, 2001 (pgs 1-4, 57-68).

**Defendants' Objection**: Irrelevant.

125.   Excerpts Deposition—Mr. Orlandi in Canning v. Compass Group, et al. January 12, 2001 (pgs 1-4, 5-12, 21-24, 69-72, 109-120).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.

126.   Excerpts Deposition—Mr. Orlandi—July 6, 2001 (pgs 8-21, 98-101, 126-127, 152-153, 163-164, 280-285).

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.

127.   Canning Performance Review by Orlandi dated December 10, 1998.

**Defendants' Objection**: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.

128.   Compass Group, N.A.P., Compensation guidelines (COM-0359).

**Defendants' Objection**: Irrelevant.

129.   Letter November 1, 1999 Jim Nichols to Cary Orlandi.

**Defendants' Objection**: Irrelevant.

**Exhibit 130**: No objection.

131.   Northeast Region Staffing summary and attached Organizational chart (Exhibit H of Plaintiff's Disclosure).

   **Defendants' Objection: Hearsay and irrelevant.**

**Exhibits 131-133:** No objection.

134.   Compass Organizational Chart "with Canning."

   **Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.**

135.   Compass Organizational Chart "without Canning."

   **Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.**

Plaintiff's Supplemental Exhibit No. 1 (Compass's Amended Request for Admission responses).

   **Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.**

Plaintiff's Supplemental Exhibit No. 2 (Severance worksheet for Wayne Patick).

   **Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.**

Plaintiff's Supplemental Exhibits No. 3 (Personal Fact Sheet for Philip Canning).

   **Defendants' Objection: Fed. R. Evid. 403 and 404(b) (Compass incorporates by reference its Motion in Limine to Exclude Anecdotal Evidence About the Terminations of Other Employees).  Irrelevant.**

Plaintiff's Supplemental Exhibit No. 4 (Employee Profile and Change Form for Timothy Hayes).

   **No objection.**

                     COMPASS GROUP, USA, INC. and
                     CARY ORLANDI,
                     By their attorneys,

_____
Christopher A. Kenney, Fed. Bar # CT25017
Margaret H. Paget, Fed. Bar # CT25016
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000


_____
Lawrence Peikes (ct07913)
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-03251

Dated: February 15, 2005

12

{00053074.DOC /}

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Defendant's Objections to Plaintiff's Proposed List of Exhibits was served on this 15th day of February, 2005, by Federal Express overnight delivery on:

> Stephen F. McEleney, Esq.
> McEleney & McGrail
> 363 Main Street
> Hartford, CT 06106

_____
Lawrence Peikes