UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

C.A. NO.: 3:00 CV 0973 (AHN) (HBF)

| | |
|---|---|
| TIMOTHY HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMPASS GROUP USA, INC., | ) |
| d/b/a EUREST DINING SERVICES | ) |
| and CARY ORLANDI, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO EXCLUDE IN LIMINE EVIDENCE OF THE TERMINATIONS OR DEMOTIONS OF OTHER FORMER EMPLOYEES**

The Court should bar plaintiff Timothy Hayes ("Hayes") from introducing at trial testimonial or documentary evidence concerning the circumstances surrounding the departures of other former employees of defendant Compass Group USA, Inc. ("Compass"). Hayes seeks to prove that Compass terminated his employment because of his age (47) - and not because of his unacceptable job performance - by offering anecdotal testimony from former employees concerning their own employment with Compass.[1] Hayes contends that the former employees on his witness list (and in Compass's answers to interrogatories and other discovery) were themselves the victims of unlawful age discrimination, and argues that this proves that he was terminated for such reasons as well.

The evidence Hayes seeks to offer should not be permitted because: (1) there is no evidence, apart from unproven supposition, that any of the employees was terminated - or

---

[1] Hayes also seeks to introduce a number of exhibits pertaining to the other former employees, which also should be excluded. Compass therefore requests that the Court also exclude Plaintiff's Exhibits: 52-54, 58-59, 61-62, 64-77, in addition to Compass's responses to Hayes's Request for Admissions.

otherwise treated adversely - because of his age; (2) there is no evidence that the other former employees were similarly situated; and (3) allowing other employees to testify about their own employment with Compass will require Compass to defend itself by disproving each and every allegation of age discrimination or other unfair conduct toward other former employees, resulting in numerous mini-trials on issues that are tangentially, if at all, related to Hayes's claim, which will unnecessarily prolong trial and mislead and confuse the jury.

## Factual Background

On June 1, 1998, Orlandi notified Hayes, who was 47 years old at the time, that he was being terminated from his employment with Compass for poor performance. This decision was based on a well-documented history of failed accounts and other management problems that, despite ample assistance from Mr. Orlandi and significant opportunity to do so, Hayes failed to rectify. Following Hayes' termination, the Regional Manager position was filled by Catherine Cape, who was forty-years-old at the time. She remains employed with Compass, having been successively promoted since her hire. Ms. Cape is presently 47 years old.

1. *Brian Jendrzejczyk*

Hayes admitted at deposition that Jendrzejczyk, a District Manager, was not performing his job adequately when terminated (by Hayes). (See Deposition of Timothy Hayes, Volume II, dated July 5, 2001, "Hayes Depo. II", at 223-228, 237-239, attached at Tab A to the Affidavit of Counsel, "Counsel Aff.") Hayes has offered no factual basis for his general conclusion that Jendrzejczyk's age had anything to do with the termination of his employment. Id.

2. *George Swenson*

Hayes admits that he does not believe that Cary Orlandi, who made the decision to discharge Hayes, played any role in the decision to terminate Swenson. (See Deposition of

Timothy Hayes Volume I, dated March 8, 2001 ("Hayes Depo. I") at 35, attached as Tab B to Counsel Aff; Hayes Depo. II, pp. 239-240, Tab A.) Hayes has no "specific evidence" that age was a factor in the decision to terminate Swenson. Id.

    3. *Joseph Wawrzynski,*

Joseph Wawrzynski has testified that he does not believe age was a factor in the decision to eliminate his position with Compass. (See Deposition of Joseph Warzynski in <u>Canning v. Compass Group, USA, Inc.</u>, pp. 73-98, attached at Tab C to Counsel Aff.) Wawrzynski further testified that he has no knowledge that any other Compass employee was the victim of age bias. See <u>id</u>. at 73. Further, Hayes himself testified that he has no specific knowledge of Wawrzynski's job performance or evidence that age was a factor in the decision to terminate Wawrzynski's employment, "other than the pattern in developing his termination." (See Hayes Depo. II at 241-242, Tab A.)

    4. *Saverino Correalle*

As with the others, Hayes concedes he has no evidence that age was a factor in the decision to terminate Mr. Correalle. (Hayes Depo. II, pp. 242-243, Tab A.) In fact, Mr. Correalle voluntarily resigned from his employment with Compass for personal reasons. (See Letter from Correalle to Orlandi, dated May 29, 1997, attached at Tab D to Counsel Aff.)

    5. *Wayne Patick*

Patick voluntarily resigned from his employment at Compass after Compass consolidated divisions and Patick accepted a position in another division. (See Deposition of Wayne Patick in <u>Patick v. Compass Group USA, Inc.</u>, p. 96, attached at Tab E to Counsel Aff.; see also Deposition of Cary Orlandi, dated March 9, 2001, p. 104, attached as Tab F to Counsel Aff.) Regional Vice President Cary Orlandi (who made the decision to terminate Hayes) had no role in

the decisions that led to Patick's transfer or his resignation. (See Orlandi Deposition at 104, Tab F.) Hayes has further admitted that he has no specific reason to believe that Orlandi's (alleged) dislike of Patick had anything to do with Patick's age. (See Hayes Depo. II, p. 243-246.) Hayes testified that the only basis for his allegation is that "[Patick's treatment] fits a similar pattern as myself and Joe and Brian and George Swenson, and now Phil Canning and a number of others. . . . . I'm not sure whether statistical evidence would bear it out; however it's certainly a fact that it happened." (Id. at 246.)

Patick also filed suit against Compass alleging age discrimination, but settled and dismissed his claims. (See Notice of Dismissal with Prejudice, attached at Tab H to Counsel Aff.) Patick also entered into a confidentiality agreement with Compass, which prohibits him from disclosing his allegations and which he will violate by testifying at trial. (See Tab G to Counsel Aff.)

6. *Mark Katona*

Hayes conceded at this deposition that he does not believe Orlandi played a role in ending Katona's employment with Compass. (See Hayes Depo. II at 248, Tab A). Orlandi has testified that he had no authority over Katona, who worked in another division, and that he knows nothing about the circumstances surrounding Katona's departure from Compass. (See Deposition of Cary Orlandi taken in Canning v. Compass Group USA, Inc., p. 116, attached at Tab I to Counsel Aff.) Hayes has further admitted that he has no specific evidence that Katona's treatment at Compass was based on age, (id., at 249), and that he knows nothing about Katona's performance or abilities. (See Hayes Depo. I at 31-32, Tab B.)

### 7. *Philip Canning*

Philip Canning brought suit against Compass alleging age discrimination after his position was eliminated in connection with a reduction-in-force. In May 2003, Canning's claims were tried to a jury in Massachusetts and found wanting: the jury returned a verdict for the defense and Canning's claims were dismissed. (See Entry of Judgment and Dismissal, dated, 2003, attached at Tab J to Counsel Aff.)[2]

### 8. *Anthony Manganello*

Manganello was a manager in Connecticut who resigned from his employment in March 1999 to take another job. (See Stop Automatic Pay Form, attached at Tab L to Counsel Aff.) Cary Orlandi had no role in supervising Mr. Manganello. (See Hayes Depo. II at 472). Hayes has offered no evidence suggesting that Mr. Manganello was the victim of age discrimination during his employment with Compass.

### 9. *Mark Hannon*

Mark Hannon voluntarily resigned his position with Compass. (See Orlandi Depo. at 68-69, Tab F. to Counsel Aff.) Hayes has offered no evidence – other than the fact that Hannon was over 40 – that Hannon's departure pertained in any way to his age.

### 10. *Edward Sanchez*

Edward Sanchez voluntarily left his employment with Compass. (See email from Sanchez to Orlandi, dated June 12, 2000, attached at Tab K to Counsel Aff.) Hayes has offered no evidence that Sanchez's departure had anything to do with his age.

---

[2] The entry of judgment does not include dismissal of Count III, an ancillary claim that Canning dismissed voluntarily prior to trial.

{00053047.DOC / 2}

11.   *Thomas Pietronio*

Cary Orlandi had no involvement in the circumstances leading to Mr. Pietronio's departure from Compass and in fact never exercised any authority over this person. (See Deposition of Cary Orlandi in Canning v. Compass Group USA, Inc., p. 116, Tab I.)

12.   *George Yundt*

Hayes admits that he knows of no specific facts that would tend to show that Mr. Yundt was terminated as a result of his age. (See Hayes Dep. I, pp. 23-33, Tab B). Hayes also admitted that he does not believe Mr. Orlandi had any influence over the decision to end Mr. Yundt's employment. (See id. at 42-43).

## Argument

**A.   The Court Should Not Allow Hayes To Introduce Highly Prejudicial Evidence About The Terminations Or Demotions Of Other Former Employees.**

1.   Subjective Testimony By Former Employees About Perceived Age Bias Against Them Is Of Limited Probative Value.

Hayes has failed to make even a threshold showing that the former employees he wishes to call were themselves victims of age discrimination at Compass. Moreover, it is undisputed that Orlandi, the Regional Vice President who discharged Hayes, had no role whatsoever in the decisions to discharge seven of the other former employees Hayes wants to present to the jury. The mere fact that each person was over the age of 40 and no longer is employed by Compass falls far short of allowing such a conclusion. Evidence that is not relevant is not admissible. Fed.R.Evid. 402. Rule 404(b) also prohibits the introduction of evidence of prior acts to "prove the character of a person in order to show action in conformity therewith." Such evidence is admissible, however, for other purposes, such as: proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid.

404(b). Hayes apparently seeks to prove discriminatory intent against him by offering testimony about treatment by others, toward others.

Even assuming that Rule 404(b) might allow such evidence to show discriminatory intent on the part of those who made the decision to terminate Hayes's employment, Rule 404(b) limits the admissibility of such prior acts. If the prior act is "unconnected with the offense charged it must be sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the [inference] advocated by the proponent of the evidence." U.S. v. Peterson, 808 F.2d 969, 974 (2d Cir. 1987) (citations omitted).[3] A trial judge must conduct a balancing test to determine if "similar act" evidence has some relevance to prove motive, intent or a plan, and if its probative value substantially outweighs its prejudicial effect. See Peterson, 808 F.2d at 974, citing Fed. R. Evid. 403 and 404(b) Advisory Comm. Note; see also Russell v. Dean Witter Reynolds, 200 Conn. 172, 191-92 (1986). It is an abuse of discretion for a trial court to admit "similar act" evidence "if the other acts were not sufficiently similar to the conduct at issue…or if 'the chain of inferences necessary to connect evidence with the ultimate fact to be proved' [was] unduly long." Peterson, 808 F.2d at 974 (citations omitted). To admit evidence of prior acts in order to show a pattern of conduct, the other acts must "share 'unusual characteristics' with the act charged or represent a 'unique scheme.'" Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) ("inclusionary approach" applied in a civil case), citing U.S. v. Benedetto, 571 F.2d 1246, 1249 (2d Cir. 1978).

None of the former employees whom Hayes has identified can reasonably be compared to Hayes. As set forth above, Regional Vice President Cary Orlandi, who made the decision to terminate Hayes, was not involved in the decision to terminate Mark Katona, Thomas Pietronio, George Yundt or Anthony Manganello. Further, Correalle, Sanchez, Patick and D'Amico all

---

[3] Connecticut law is in accord. See Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 570-71 (1995).

voluntarily resigned; they were not fired. Mr. Wawrzynski testified that he does not believe that age influenced the decision to eliminate his position. The Second Circuit has found reversible error in admitting such anecdotal evidence about alleged age discrimination against other employees. Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984). In Haskell, the Second Circuit reversed and remanded for a new trial after the trial court improperly admitted testimony by other former employees regarding their subjective evaluations of their own terminations and those of others. See id. The court found that such testimony was "insufficient to show a pattern and practice of discrimination [and] was not relevant to the question of whether [the plaintiff] was terminated for age-related reasons." Haskell, 743 F.2d at 121-122; see also Wyvill v. United Companies Life Ins., 212 F.3d. 296, 302 (5th Cir. 2000)(same); Coudert v. Janney Montgomery Scott, LLC, 2004 WL 2381552, *8 (D.Conn. 2004)(Kravitz, J.)(same).

Similarly, in 2003 a jury returned a verdict in Compass's favor on Philip Canning's claim of age discrimination, dismissing his complaint in its entirety. The fact that Compass and Orlandi have already been exonerated from any wrongdoing toward Mr. Canning should preclude his testimony. See Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991). In Berkovich, a civil rights claim brought against arresting officers, the plaintiff sought to introduce evidence of prior civil complaints against one of the defendants. 922 F.2d at 1022. Because the officer was exonerated on all of the charges in the prior complaints (except for one), the court ruled that the complaints had significantly less probative value and should be excluded. Id. In affirming this ruling on appeal, the Court of Appeals held that the Plaintiff failed to show the requisite substantial similarity between the prior bad acts and the conduct complained of. Id. at 1022-23.

Even without delving further into the many particulars of each person's employment and the reason for his departure from the company, it is apparent on these facts alone that the

purported evidence concerning other employees is not at all similar to the circumstances of Hayes's employment and discharge, and does not show any discriminatory intent on the part of Cary Orlandi, or anyone at Compass, toward Hayes.

  2.  Testimony About Perceived Age Bias Toward Other Compass Employees Is Unfairly Prejudicial And Will Needlessly Prolong Trial.

Compass should not be required to defend against Hayes' claims by disproving other anecdotal, unproven allegations of age discrimination. In order to avoid unfair prejudice to the defendants at trial, the Court should therefore limit Hayes to introducing evidence of discriminatory conduct against him, not others. McCormick explains:

> Evidence of character in any form—reputation, opinion from observation, or specific acts—generally will not be received to prove that a person engaged in certain conduct or did so with a particular intent on a specific occasion, so-called circumstantial use of character. The reason is the familiar one of prejudice outweighing probative value. Character evidence used for this purpose, while typically being of relatively slight value, usually is laden with the dangerous baggage of prejudice, distraction, time consumption and surprise.

McCormick on Evidence (5th ed.) §188, p. 653. This view has been embraced by the Second Circuit, which observed in Haskell v. Kaman Corp., 743 F.2d at 122, that "even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age." Id. at 122; see also Schrand v. Federal Pacific Electric Comp., 851 F.2d 152,156 (6th Cir. 1988) ("[t]he testimony tended to confuse the issue by focusing the jury's attention on two totally unrelated events, a consideration under Rule 403. If the jury was convinced that the testimony of [other employees] was truthful, there was a distinct danger that the jury would assume a connection that was never proven between the terminations of the two witnesses and that of [plaintiff].")

If Hayes were allowed to introduce testimony from other former employees about their subjective views of their treatment, Compass, Compass will have no alternative but to defend against each and every allegation made about the other employees, however tangential such allegations are to the question of whether Hayes was terminated because of his age. In essence, the introduction of these collateral inquiries will result in numerous "mini-trials", which weighs against admission of such evidence. Further, evidence of another employee's allegations of discrimination against the same person "would be of marginal (if any) relevance, would confuse a jury, and risk turning the trial . . . into mini-trials about alleged discrimination against others." Coudert v. Janney Montgomery Scott LLC, 2004 WL 2381552 (D. Conn 2004); see also Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 570-71 (1995) (Without the proper foundation, evidence of other acts is irrelevant, and only forces the objecting party to demonstrate the dissimilarities, "and the result is likely to be a trial within a trial on the collateral issues of similarity and dissimilarity."); Manning v. New York University, 2001 WL 62872 (S.D.N.Y 2001) (excluding evidence of alleged discrimination against other employees to avoid holding mini-trials on tangential issues); see Wyvill, 212 F.3d at 303 ("the district court substantially prejudiced [defendant], forcing it to respond to each witness's claims, and creating, in effect, several 'trials within a trial.' As we have seen, these mini-trials were not probative on the issue of whether [plaintiffs] faced discrimination.)

**B.     The Law Of The Case Doctrine Should Preclude Hayes's Repeated Effort To Show Statistical Disparity In The Terminations Of Older Employees.**

Notwithstanding the Court's ruling on summary judgment, Hayes presses forward with his effort to present evidence that he claims show some pattern and practice (on the part of Compass) of terminating employees of 40. This evidence was already considered

{00053047.DOC / 2}

10

and rejected by the court in its ruling on summary judgment. (See Memorandum and Order on Defendants' Motion for Summary Judgment, p. 17) ("Accordingly, Hayes has not submitted sufficient evidence to establish a pattern or practice of age discrimination.")[4]

The law of the case doctrine provides that when "'a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance.'" Wagner v. Clark Equipment Co., Inc., 259 Conn. 114 (2002), quoting Breen v. Phelps, 186 Conn. 86, 99 (1982). The law of the case doctrine expresses "the practice of judges generally to refuse to reopen what has been decided." Id., quoting Stevens v. Hartford Accident & Indemnity Co., 39 Conn.App. 429, 437-38 (1995). The doctrine under federal law is the same as that under State law. If a court has already ruled on an issue, "that decision should generally be adhered to by that court in subsequent stages of the same case." U.S. v. Crowley, 318 F.3d 401, 420 (2d Cir. 2003).

A court will only overturn a decision made in an earlier stage of the same litigation if there are "cogent or compelling reasons." In re Carter-Wallace, Inc. Securities Litigation, 220 F.3d 36, 40 (2d Cir. 2000) ("Carter-Wallace"). Examples of "cogent and compelling reasons" are intervening changes in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Doe v. New York City Dept. of Social Services, 709 F.2d 782, 789 (2d. Cir. 1983). Hayes has offered no new evidence or any other cogent and compelling reason for the court to ignore its ruling on summary judgment. The court

---

[4] Although the court left open the possibility that Hayes might show some disparity between the numbers of people under 40 who were demoted while those over 40 were terminated under similar circumstances, Hayes's evidence fails to make the threshold showing of similarity that is required for admission of such prejudicial evidence under Fed.R. Evid. 404(b).

should therefore apply the law of the case doctrine to foreclose Hayes from re-litigating his claim that a statistical - and probative - disparity exists between the treatment of older versus younger Compass employees.

**WHEREFORE**, defendants request that the Court enter an order *in limine*, excluding all evidence, including testimony, of alleged discrimination against the Former Employees.

        COMPASS GROUP, USA, INC. and
        CARY ORLANDI,

        By their attorneys,

        _____
        Christopher A. Kenney, Fed. Bar # CT25017
        Margaret H. Paget, Fed. Bar # CT25016
        Sherin and Lodgen LLP
        101 Federal Street
        Boston, MA 02110

Dated: February 15, 2005        (617) 646-2000

        _____
        Lawrence Peikes (ct07913)
        Wiggin & Dana LLP
        400 Atlantic Street
        P.O. Box 110325
        Stamford, CT 06911-03251
        (203) 363-7600

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing Defendant's Motion to Exclude in Limine Evidence of the Terminations or Demotions of Other Former Employees was served on this 15th day of February, 2005, by Federal Express overnight delivery on:

> Stephen F. McEleney, Esq.
> McEleney & McGrail
> 363 Main Street
> Hartford, CT  06106

_____
Lawrence Peikes