UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

C.A. NO.: 3:00 CV 0973 (AHN) (HBF)

| | |
|---|---|
| TIMOTHY HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMPASS GROUP USA, INC., | ) |
| d/b/a EUREST DINING SERVICES | ) |
| and CARY ORLANDI, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE FINDING OF CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

The Court should bar plaintiff Timothy Hayes ("Hayes") from introducing at trial the Finding of Reasonable Cause of the Connecticut Commission on Human Rights and Opportunities ("CHRO Finding"), and any other documents from the CHRO file. An investigator made the CHRO Finding in an administrative proceeding that is not governed by the same rules of procedure, evidence and burdens of proof that govern this trial. See Conn. Gen. Stat. §46a-83(d); Reg. Conn. Agencies § 46a-54-55a. Rule 403 of the Federal Rules of Evidence calls for the exclusion of such evidence, because its probative value (if any) is substantially outweighed by the danger of confusion and unfair prejudice to the defendants Compass Group USA, Inc. d/b/a Eurest Dining Services ("Compass") and Regional Vice President Cary Orlandi ("Orlandi").

## FACTS

On June 1, 1998, Orlandi notified Hayes, who was 47 years old at the time, that he was being terminated from his employment with Compass for poor performance.[1]  This decision was based on a well-documented history of failed accounts, inaccurate financial reporting, poor management and other problems that, despite ample assistance from Mr. Orlandi and significant opportunity to do so, Hayes failed to rectify.  Following Hayes' termination, a forty-year-old woman named Catherine Cape filled the Regional Manager position.

Hayes filed a complaint pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 (the "CFEPA) with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on November 24, 1998.  The CHRO conducted a "fact-finding" conference to make a preliminary determination of whether "there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint." See Conn. Gen. Stat. § 46a-83(a).  Hayes was represented by counsel at this conference.  Compass and Mr. Orlandi on the other hand, were without the assistance of legal counsel.  The CHRO found reasonable cause to allow the plaintiff's claim to proceed, and issued the CHRO Finding dated February 4, 2000 that is the subject of this Motion.  See CHRO Finding at pg. 5, a copy of which is attached hereto at Tab A.

Subsequently, rather than continue with the procedure afforded Hayes through the CHRO, Hayes requested that the CHRO release its jurisdiction to commence this civil action.  The Release of Jurisdiction was issued on May 9, 2000 and is likewise the subject of this Motion. A copy of the CHRO Release of Jurisdiction is attached hereto at Tab B.  Finally, Hayes requested and obtained a Notice of Right to Sue from the Equal Employment Opportunity

---

[1] Mr. Orlandi was 46 years old at the time.

Commission dated May 16, 2000 to allow Hayes the ability to file a civil suit in this court. A

copy of the EEOC Notice of Right to Sue is attached hereto at Tab C. Therefore, the CHRO and

EEOC closed Hayes' cases before those bodies and released any jurisdiction over the outcome.

These releases were merely a jurisdictional prerequisite to Hayes' standing to file suit. The

jurisdiction of this Court over the remaining claims is not disputed.

<u>**Argument**</u>

I.    **The Court Should Exclude The CHRO Finding Because Its Probative Value, If Any, Is Substantially Outweighed By The Danger Of Confusion And Unfair Prejudice Pursuant To Fed. R. Evid. 403**

A.    **The Trial Court Has The Discretion To Exclude The CHRO Finding**

Although hearsay evidence in the form of a governmental agency finding satisfies the

"public records" exception to the hearsay rule and, therefore, may be admissible in a subsequent

trial, (Fed. R. Evid. 803(8)(C)), "the district court generally has discretion to exclude such

hearsay on other grounds, such as where the evidence's probative value is substantially

outweighed by the danger of unfair prejudice." <u>Paolitto v. John Brown E&C, Inc.</u>, 151 F.3d 60,

64 (2d Cir. 1998).[2] In <u>Paolitto</u>, the employer sought to introduce a favorable CHRO finding of

insufficient evidence, claiming that its probative value outweighs any prejudice that admission

would cause. <u>Id.</u> at 65-66. The Second Circuit held that "employment-agency determinations

'are not homogenous products; they vary greatly in quality and factual detail.'" <u>Id.</u> at 65.

(quoting <u>Johnson v. Yellow Freight Sys., Inc.</u>, 734 F.2d 1304, 1309 (8th Cir. 1984)). The Court

therefore held that the CHRO Finding was properly excluded and further stated:

---

[2] The Second Circuit follows the majority rule that administrative findings from agencies such as the CHRO are not admissible simply by virtue of their status as public records, but leaves the admissibility of such findings to the "sole discretion of the district court." <u>See e.g.</u>, <u>Hall v. Western Prod. Co.</u>, 988 F.2d 1050, 1057-58 (10th Cir. 1993) (discretion of the court); <u>Barfield v. Orange Cty.</u>, 911 F.2d 644, 650-51 (11th Cir. 1990)(same); <u>Johnson v. Yellow Freight Sys., Inc.</u>, 734 F.2d 1304, 1309 (8th Cir. 1984)(same); <u>McCluney v. Jos. Schlitz Brewing Co.</u>, 728 F.2d 924, 929-30 (7th Cir. 1984(same); <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 75 n. 12 (3d Cir. 1977)(same). <u>But see</u>, <u>Gilchrist v. Jim Slemons Imports, Inc.</u>, 803 F.2d 1488 (9th Cir. 1986)(no discretion); <u>EEOC v. Manville Sales Corp.</u>, 27 F.3d 1089, 1095 (5th Cir. 1994)(same).

The party against whom such a determination is admitted must attempt to expose the weaknesses of the report, an effort that may well confuse or mislead the jury and result in an undue waste of time. We believe that the district court is in the best position to consider the quality of the report, its potential impact on the jury, and the likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency.

Id.

**B.    The CHRO Finding Has No Probative Value**

A CHRO finding of reasonable cause is a merely "preliminary investigation into whether discrimination . . . against plaintiff could have occurred." Barlow v. Connecticut, 319 F.Supp.2d 250, 258 (D.Conn. 2004)(emphasis added). For example, no damages are awarded upon a reasonable cause finding, but are reserved for a public hearing. See Conn. Gen. Stat. § 46a-84. "The findings and determination were subject to final review and hearing by a CHRO Hearing Officer." Keene v. Hartford Hospital, 208 F.Supp.2d 238, 243 (D.Conn. 2002). As in both Barlow and Keene, Hayes did not seek an evidentiary hearing before the CHRO but rather removed his claim to this Court. The CHRO's preliminary determination, therefore, has no probative value at trial.

**C.    The Danger Of Unfair Prejudice To the Defendants Outweighs Any Probative Value**

The CHRO Finding will prejudice the Defendants at trial in a manner that far outweighs any probative value it may have. "To admit the [Fair Employment Commission's] report under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions from the evidence presented regarding disparate treatment." Johnson, 734 F.2d at 1309; see also, Hall v. Western Prod. Co., 988 F.2d at 1058 ("the only purpose to be served by admitting into evidence the [] report would be to suggest to the jury that it should

reach the same conclusion."). In <u>Paolitto</u>, "the evidence . . . introduced at trial undercut many of the CHRO's factual findings and [the defendant employer] had a full opportunity to present to the jury all the evidence it had submitted to the CHRO." <u>Paolitto</u>, 151 F.3d at 65. The Court therefore concluded that there "were legitimate reasons to exclude the CHRO determination." <u>Id.</u> The Defendants submit that for these same reasons, the CHRO Finding should be excluded from trial.

Furthermore, the CHRO fact-finding conference is quite informal and is not subject to the same evidentiary rules that would be applied in this Court. <u>See</u> Conn. Gen. Stat. §46a-83(d); Reg. Conn. Agencies § 46a-54-55a. As a result, the investigator in Hayes' proceeding had before her evidence, particularly in the form of hearsay evidence presented by the plaintiff, that the jury will not consider. For example, as part of his submission to the CHRO, Mr. Hayes testified about the circumstances surrounding other employees' departures from the Company and Hayes' supposition that these individuals were victims of discrimination. The admission of the CHRO Finding would circumvent the Federal Rules of Evidence by allowing such conclusory hearsay to be considered by the jury.

Last, Hayes's burden of proof at trial is higher. It requires Hayes to prove by a preponderance of the evidence that it is more likely than not that defendants terminated him because of his age. By contrast, the CHRO finding of reasonable cause constitutes merely a "preliminary investigation into whether discrimination . . . against plaintiff <u>could</u> <u>have</u> occurred." <u>Barlow</u>, 319 F.Supp. at 258 (emphasis added).

## Conclusion

**WHEREFORE**, defendants request that the Court enter an order *in limine*,

excluding the CHRO Finding and any related documents from trial.

COMPASS GROUP, USA, INC. and
CARY ORLANDI,

By their attorneys,

_____
Christopher A. Kenney, Fed. Bar # CT25017
Margaret H. Paget, Fed. Bar # CT25016
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

_____
Lawrence Peikes (ct07913)
Wiggin and Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-03251
(203) 363-7600

Dated: February 15, 2005

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true copy of the foregoing Defendant's Motion in Limine to Exclude Finding of Connecticut Commission on Human Rights and Opportunities was served on this 15th day of February, 2005, by Federal Express overnight delivery on:

>Stephen F. McEleney, Esq.
>McEleney & McGrail
>363 Main Street
>Hartford, CT  06106

_____

Lawrence Peikes

**A**

SUMMARY FORMAT

STATE OF CONNECTICUT
Commission On Human Rights and Opportunities

**FORM 401(6)**

Timothy Hayes, Berlin, CT

vs.                                        FINDING OF REASONABLE CAUSE

Compass Group, USA Division, Middletown, CT

CHRO NO: 9930240
EEOC NO: 16a993076                DATE FILED: November 24, 1998
                                             DATE FILED: November 24, 1998


STATEMENT OF INCIDENT(S)

Did respondent discriminatorily terminate complainant on June 1, 1998 due to his age, 48, in violation of Connecticut General Statutes Section 46a-60(a)(1) and the Age Discrimination in Employment Act?

SUMMARY OF POSITION(S)

Complainant, Timothy Hayes, was employed by Respondent, Compass Group USA Division, and its predecessor companies from 1973 until 1998 in various capacities. Complainant contends that he received favorable performance evaluations until a managerial change occurred and Respondent Cary Orlandi became his supervisor. Complainant alleges that under Mr. Orlandi's supervision Complainant received critical letters and unfavorable performance notices. Complainant contends that the unfavorable behavior was to validate Complainant's eventual termination. Complainant contends that when he attempted to complain about Mr. Orlandi to the human resources department, Mr. Orlandi threatened him to never do that again and remarked that he (Mr. Orlandi) would always win. Complainant contends that at least 6 other employees who were over the age of forty (40) and had been employed at least twenty (20) years were similarly terminated under the direction of Mr. Orlandi.

Respondent alleges that Complainant was terminated for poor work performance. Respondent specifically alleges that Complainant had a poor performance evaluation, several letters concerning poor operational performance and written warnings about his performance. Respondent contends that Complainant was not adequately servicing clients. Respondent claims

F401(6)

Issued 4/94
Revised 1/1/96

that a change in American business calls for faster service and better communication through such mechanisms as facsimile machines and cellular telephones. Respondent contends that Complainant was not effective at using the newer communication mechanisms. Respondent Orlandi denies all claims of age discrimination and remarks that he is close to Complainant's age.

## JURISDICTION

In accordance with the Commission's Rules and Regulations, the complaint and case file were reviewed for the purpose of determining the Commission's jurisdiction. As a result thereof: the investigator concludes that the Commission has jurisdiction to receive, investigate and issue a determination upon the merits of this complaint.

## SUMMARY OF INVESTIGATION

Thereafter, in accordance with Section 46a-83(a) and (b), the investigator proceeded to conduct a thorough and complete investigation into the facts of the complaint and upon completing the same, notified the parties of their statutory rights to review and comment upon all the evidence in the investigative file. Further, in accordance with the Commission's Rules and Regulations, a fifteen (15) day notice letter and a draft summary of the investigator's preliminary findings were forwarded to the parties for their review and comments. Respondent raises the issue of years of document deficiencies in Complainant's work. However, Complainant continued to receive favorable reviews and remained employed with Respondent for over 21 years. Complainant's problems did not arise until a new supervisor began supervising Complainant. Complainant's new supervisor, Mr. Orlandi, found fault with Complainant that had not been found by previous supervisors. In addition, Mr. Orlandi's statements regarding the "new" workforce affect the "older" workforce. Having received the parties' comments, the investigator remains persuaded as to the soundness of the original proposed findings. As such the investigator hereby makes and enters the following Findings of Fact, which include appropriate inferences and credibility determinations:

## THE PARTIES

1. Complainant is a resident of the State of Connecticut, residing in Berlin, Connecticut and, at all times pertinent to this complaint, was an employee at Compass Group, USA Division.

2. Respondent, Compass Group, USA Division, is a North Carolina corporation authorized to conduct business in the state of Connecticut. At all times pertinent to this complaint, respondent was the employer of the complainant.

## THE REASONABLE CAUSE STANDARD

As earlier noted, the Act imposes a duty on the Commission to receive, investigate and issue determinations upon the merits of discriminatory practice complaints {See Conn. Gen. Stat. Section 46a-82.}  In this respect the Act directs the Executive Director to refer complaints filed pursuant to Section 46a-82 to an investigator for the purpose of conducting an investigation into the facts relevant to the complaint.  Similarly, it imposes a duty upon the investigator to determine "if there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint."  {See Conn. Gen. Stat. Section 46a-83(a).}

Hence, the question pending before the investigator is whether the facts of this complaint are sufficient to support a finding that there exists reasonable cause to believe that a discriminatory practice has occurred within the meaning of the Act.  {See sub-parts (7) and (8) of Section 46a-51, Conn. Gen. Stat.}

The act defines reasonable cause to mean:

> "a bona fide belief that the material issues of fact are such that a person of ordinary caution, prudence and judgment could believe the fact alleged in the complaint."

Therefore, the Commission concludes that the reasonable cause standard requires:

1. that the investigation be thorough and complete.

2. that the investigator consider all reliable and probative proof, irrespective of whom it supports,

3. that the investigator make findings with respect to all material issues of facts, including disputed facts,

4. that the investigator resolve issues of credibility and draw appropriate inferences, and

5. that the investigator ultimately decide whether the facts are such that a person of ordinary caution, prudence and judgment could believe the facts alleged in the complaint.

## CONCLUSION AND DETERMINATION

Indeed, the foregoing standard makes it clear that in order to determine whether the facts, are sufficiently probative to establish that there exists reasonable cause to believe that respondent subjected complainant to the illegal discriminatory practice(s) alleged in the complaint, the investigator must make findings with respect to each material issue of dispute.  Here, inasmuch

as the complaint alleges: **termination on the basis of age** the material issues of dispute that must be resolved are those set out below:

1.   **Whether the complainant is a member of the protected class.**

Complainant is a member of the protected class, that is Complainant was forty-eight (48) at the time of termination.  (Exhibits A-1, B-1, D-1)

2.   **Was the complainant discharged.**

Yes, Complainant was terminated on June 1, 1998.  (Exhibits A-1, B-1, C-1, D-1)

3.   **What legitimate non-discriminatory reasons does the respondent offer for having discharged the complainant.**

Respondent alleges that Complainant was terminated for poor work performance. Respondent specifically alleges that Complainant had at least one  poor performance evaluation, several letters concerning poor operational performance and written warnings about his performance.  Respondent contends that the letters were generated because Complainant was not adequately servicing clients.  Respondent also contends that Complainant was not effective at using the newer communication mechanisms. (Exhibits C-1, C-2, C-3, D-1)

4.   **Are the legitimate non-discriminatory reasons offered by the respondent sufficiently clear and non vague so as to put complainant on notice of the specific facts and/or reasons that must be disproven?**

Respondent's reasons are clear and non-vague.  Respondent contends poor work performance is the reason for Complainant's termination.  (Exhibits C-1, C-2, C-3, D-1)

5.   **Is respondent's explanation offered or articulated by an individual with personal knowledge of the facts being articulated or otherwise by a person competent to offer admissible testimony in a court of competent jurisdiction?**

Yes, Respondent's explanation is offered by Cary J. Orlandi, Regional Vice President and Complainant's supervisor.  (Exhibits C-1, D-1)

6.   **Is respondent's explanation factually true?**

After reviewing the evidence, it is the conclusion of the investigator that Respondent's explanation is not factually true. Complainant received favorable performance reviews and regular promotions for the first twenty-two (22) years of employment.  Complainant was terminated after two poor performance evaluations.  Respondent Orlandi commented

during the fact-finding that a change in American business called for faster service and better communication through more modern mechanisms such as facsimile machines and cellular telephones. Mr. Orlandi's comments explain the decision to terminate Complainant. (Exhibits A-1, B-1, B-2, C-3, D-1)

7. **Is respondent's explanation worthy of credence, that is notwithstanding the fact that respondent's explanation is factually true, does it – nevertheless – lack credibility?**

Respondent's explanation lacks credibility. Prior to Respondent Cary Orlandi supervising Complainant, Complainant received years of favorable performance reviews. In addition, Complainant was promoted several times during his employment. In addition several other similarly situated employees were terminated under Mr. Orlandi's direction. When the Complainant tried to complain, Mr. Orlandi warned Complainant that he (Mr. Orlandi) would win. Mr. Orlandi's comment about modern mechanisms also give some indication of who he believes the workforce should be include. ((Exhibits A-1, B-1, B-2, C-3, D-1)

8. **Is the proof in the investigative file, considered in its entirety, sufficient to support a finding that there exists reasonable cause to believe that illegal discrimination occurred.**

Yes, the proof in the investigative file supports a finding that there exist reasonable cause to believe that illegal discrimination has occurred.

## DETERMINATION

Consequently, as a result of the application of the foregoing principles to the facts of this complaint, the investigator concludes that there exists reasonable cause for believing that a discriminatory act has occurred.

Dated and entered this _4th_ day of _Feb_,
~~199__~~
_2000_

COMMISSION ON HUMAN RIGHTS
AND OPPORTUNITIES

BY: _Daune Westbrook_

## TABLE OF EXHIBITS

|                                                        | TABS |
| ------------------------------------------------------ | ---- |
| **A. JURISDICTION** (Orange)                           |      |
| Complainant's Affidavit                                | A-1  |
| Notice to Respondent                                   | A-2  |
| Proof of Service of Complainant                        | A-3  |
| **B. COMPLAINANT'S PROOF** (Red)                       |      |
| Complainant's Affidavit                                | B-1  |
| Complainant's Rebuttal                                 | B-2  |
| **C. RESPONDENT'S PROOF/SCHEDULE A** (Blue)            |      |
| Respondent's Answer                                    | C-1  |
| Warning Letters to Complainant                         | C-2  |
| Complainant's Performance Evaluations                  | C-3  |
| Documents on Complainant's Customers                   | C-4  |
| Comments to Draft Summary                              | C-5  |
| **D. OTHER EVIDENCE** (Yellow)                         |      |
| Fact-Finding Tape                                      | D-1  |
| Response to Comments to Draft Summary                  | D-2  |

**B**

COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

FORM 500(3)

## RELEASE OF JURISDICTION

COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES, ex rel.

Timothy Hayes
Complainant

Date: May 9, 2000

vs.

Compass Group, USA Division
Respondent

CCHRO CASE NO.: 9930240
EEOC CASE NO.:    16a993076

## RELEASE OF JURISDICTION

Pursuant to Complainant's and/or Complainant's attorney(s) request dated
**April 28, 2000**, the Commission on Human Rights and Opportunities hereby
releases its jurisdiction over the above numbered and captioned complaint in
accordance with Section 46a-101 of the Connecticut General Statutes. Also, in
accordance with Section 46a-102, C.G.S. Complainant is hereby authorized to
commence a civil action against the Respondent in the Superior Court for the judicial
district in which the discriminatory practice is alleged to have occurred or in which
the Respondent transacts business. If this action involves a state agency or official, it
may be brought in the Superior Court for the Hartford-New Britain judicial district.

In granting this release, the Commission expressly finds, in accordance with Sections
46a-100 and 46a-101(b) of the C.G.S., that all conditions precedent to the issuance
of the release of jurisdiction have been complied with inasmuch as: (a) the complaint
was timely filed within 180 days from the date of alleged incident, in accordance with
46a-82 of the C.G.S.; (b) the complaint alleges a violation under 46a-60 C.G.S.; and
(c) the complaint has been pending for a period of not less than 210 days, inasmuch
as it was filed on **November 24, 1998** and is still pending on **May 9, 2000**, a period
in excess of two hundred and ten (210) days.

Rev. 5/29/98

- 2 -

Moreover, there is no reason to believe that the complaint will be resolved within a period of thirty (30) days from May 2, 2000, the date the Commission received Complainant's request for the Release of Jurisdiction, nor is the complaint currently scheduled for public hearing. [see Section 46a-101(c) of the Connecticut General Statutes].

The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission. Upon commencing the Superior Court action, the Complainant, or his/her attorney, shall serve a copy of the complaint on the Commission for the purpose of providing legal notice. However, in accordance with 46a-103, of C.G.S., service of the complaint on the Commission does not make it a necessary party, although, the Commission may opt to intervene.

The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the C.G.S., and other laws of the State of Connecticut.

Concurrently, with the issuance of this Release of Jurisdiction, the Commission hereby administratively dismisses this complaint in accordance with Section 46a-101(d) the Connecticut General Statutes. Furthermore, said dismissal is not subject to administrative judicial review.

Cynthia Watts Elder
Executive Director

By: _____
Donald E. Newton
Chief of Field Operations Designee

Dated and entered of record in the Commission's Administrative Office in Hartford, Connecticut on this 9th day of May 2000.

cc: Complainant: Timothy Hayes
    Complainant's Attorney: Attorney Stephen F. McEleney
    Receipt for Certified Mail Z 272 989 886
    Respondent(s): Michelle Y. Reed, EEO Paralegal, Compass Group
                    USA Division
    Respondent's Attorney: N/A
    Regional Manager: Femi Bogle-Assegai, Regional Manager,
    West Central Regional Office



CONNECTICUT COMMISSION on
HUMAN RIGHTS & OPPORTUNITIES
21 Grand Street
Hartford, Connecticut 06106

Attorney Stephen F. McEleney
McEleney & McGrail
Attorneys At Law
363 Main Street
Hartford, CT 06106



MAY 10'00

Fold at line over top of envelope to
the right of the return address

**CERTIFIED**

Z 272 989 886 

**MAIL**

U.S. POSTAGE $2.98

C

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*( Issued on request )*

| To: Timothy Hayes<br>129 WILKS POND RD.<br>BERLIN, CT 06037<br><br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*( 29 C.F.R. 1601.7(a) )* | From:<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>Boston Area Office<br>John F. Kennedy Federal bldg.<br>Boston, MA 02203 |
|---|---|

| Charge Number<br>16A993076 | EEOC Representative<br>Rance A. O'Quinn, Supv. | Telephone Number<br>(617) 565-3200 |
|---|---|---|

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

Robert L. Sanders, Area Director                    MAY 1 6 2000

*(Date)*

Enclosure(s)

cc: COMPASS GROUP , USA DIVISION
    2400 YORKMONT ROAD
    CHARLOTTE, NC 28217

EEOC FORM 161-B  (Rev 01/97)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*