UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

C.A. NO.: 3:00 CV 0973 (AHN) (HBF)

| | |
|---|---|
| TIMOTHY HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMPASS GROUP USA, INC., | ) |
| d/b/a EUREST DINING SERVICES | ) |
| and CARY ORLANDI, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REQUEST FOR
PRELIMINARY INSTRUCTIONS TO THE JURY**

Defendants, Compass Group USA, Inc. and Cary Orlandi ("Defendants") hereby request that the Court give the jury preliminary instructions to provide a framework for receiving the evidence during trial. Defendants, therefore, request that the Court issue preliminary instructions to the jury as set forth below:

1. The plaintiff has claimed that the Defendants terminated his employment because of his age. If Hayes proves that this is true, it would constitute unlawful age discrimination on the part of the defendants. To prove this claim, Hayes has the burden of proving each and every one of the following, by a preponderance of the evidence:

   1) that he was over 40 years old at the time he was terminated;

   2) that he was performing his job competently;

   3) that he suffered from an adverse employment decision; and

   4) that Compass made the adverse employment decision because of Mr. Hayes'

{00053559.DOC /}

age.[1]

2.     The burden is on Hayes, not the defendants, to prove each and every element of age discrimination by a preponderance of all the credible evidence. If the evidence should fail to establish any one of the essential elements of Hayes' claim, or if the evidence is equally balanced as to any of the essential elements of Hayes' claims, then you must find for the defendants. Matters that are left so doubtful that there is no preponderance either way are not proved in the legal sense.[2]

3.     If the plaintiff persuades you by a preponderance of the evidence that Compass discharged him because of his age, then you must consider Compass' defense that this action was based upon Hayes' poor performance. As you consider this, remember that the defendant bears only the burden of articulating a legitimate, non-discriminatory reason for his actions. Compass does not have to persuade you of this fact by a preponderance of the evidence; rather, it need only produce enough evidence in support of its claim to create a genuine issue of fact in your mind.[3]

4.     If Compass has satisfied its burden of production by proffering evidence tending to show a non-discriminatory reason for the challenged action, Mr. Hayes may introduce evidence that the reason was nothing more than a pretext for age discrimination. In other words, the plaintiff may introduce evidence to show that the reasons given by Compass for terminating Mr. Hayes's employment were not the real reasons for doing so, and that the true reason for his termination was age discrimination. When you consider Mr. Hayes' evidence that the reason advanced by

---

[1] Board of Education of the City of Norwalk v. Comm. on Human Rights and Opportunities, 266 Conn. 492, 505 (2003); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000).
[2] Scaria v. Rubin, 117 F.3d 652, 653- 654 (2d Cir. 1997) ("Although, the burden of production shifts to the defendant, the ultimate burden of persuading the trier of fact of intentional discrimination remains at all times with the plaintiff") (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993)).
[3] Adapted from Sands, *Modern Federal Jury Instructions* (Civil), Vol. 5, Instruction 88-36 (2004); Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 105 (2d Cir. 2001).

Compass is a pretext, keep in mind that the relevant question is not whether Compass acted with poor or erroneous judgment. Compass was entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination.[4]

Respectfully submitted,

COMPASS GROUP, USA, INC. and
CARY ORLANDI,

By their attorneys,

Christopher A. Kenney, Fed. Bar # CT25017
Margaret H. Paget, Fed. Bar # CT25016
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000


_____
Lawrence Peikes (ct07913)
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-03251

Dated: February 16, 2005

---

[4] Adapted from Sands, *Modern Federal Jury Instructions* (Civil), Vol. 5, Instruction 88-37 (2004); Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001)(quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000)).

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Defendants' Request For Preliminary Instructions To The Jury was served on this 16th day of February, 2005, by Federal Express overnight delivery on:

>Stephen F. McEleney, Esq.
>McEleney & McGrail
>363 Main Street
>Hartford, CT  06106

_____
Lawrence Peikes