UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

C.A. NO.: 3:00 CV 0973 (AHN) (HBF)

| | |
|---|---|
| TIMOTHY HAYES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMPASS GROUP USA, INC., )<br>d/b/a EUREST DINING SERVICES )<br>and CARY ORLANDI, )<br>)<br>Defendants. )<br>) | |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF TIMOTHY HAYES' PROPOSED JURY INSTRUCTIONS

Defendants' Compass Group USA, Inc., d/b/a Eurest Dining Services and Cary Orlandi (collectively, "Defendants") object to certain of Plaintiff' Timothy Hayes' Proposed Jury Instructions. Defendants filed their Proposed Jury Instructions with the Court on February 14, 2005, a copy of which is attached.

**Objections to Plaintiff's Proposed Instruction No. 3**

Defendants object to Plaintiff's inclusion of the following language "age was a motivating factor in or contributed to the Defendants' decision to terminate him," on the grounds that such an articulation is not supported by the accompanying citations. In the first instance, Plaintiff cites 42 U.S.C. § 2000e-2(m) in support of its instruction. This statute does not apply in the context of age discrimination cases. Furthermore, Plaintiff cites case law outside of the ADEA context that is likewise inapposite.

Plaintiff's cites Stratton v. Dept. for Aging for the City of New York, 132 F.3d 869 (2d Cir. 1997) and Holtz v. Rockefeller & Co., 258 F.3d 62 (2d Cir. 2001) in support of this

instruction. Each of these cases dealing with age discrimination suggest that if age played a "motivating role" or the decision was "motivated" by age animus, the jury may find an unlawful unemployment practice. However, neither case uses the language "contributed to." For the foregoing reasons, Defendants believe that Defendants' Proposed Jury Instruction No. 3 (4) is the more appropriate statement of the law.

**General Objection to Plaintiff's Proposed Jury Instructions Nos. 5-6 and 8-15**

Plaintiff's proposed instructions are based on the "burden shifting" analysis created by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Defendants object to the use of this analysis in jury instructions. In fact, the Second Circuit expressly held in Sharkey v. Lasmo, that

> We agree that juries should not be charged on the *McDonnell Douglas* burden-shifting framework. It is the judge, not the jury, who must decide whether the plaintiff has satisfied the requirements of *McDonnell Douglas*'s minimal version of a prima facie case, thereby shifting the burden of going forward to the defendant, as well as whether the defendant has subsequently satisfied the burden of proffering a nondiscriminatory reason for its conduct. Instructing the jury on this complex process produces no benefit and runs the unnecessary risk of confusing the jury. If the plaintiff has successfully made a prima facie case and the defendant has met its burden of proffering a reason other than discrimination for its actions, the court should instruct the jury that plaintiff bears the burden of proving that the defendant was motivated by prohibited discrimination—without reference to the successive burden-shifting tests that the parties have been required to pass.

214 F.3d 371, 374 (2d Cir. 2000). Furthermore, each of the cases Plaintiff cites in support of these instructions discusses the burden-shifting analysis in the context of summary judgment where the court, and not a jury, is charged with this complex analysis. Therefore, Defendants object to the use of Plaintiff's Proposed Instruction Nos. 5-6 and 8-15.

**Specific Objection to Plaintiff's Proposed Jury Instruction No. 8**

Plaintiff's Proposed Jury Instruction No. 8 is a self-serving and argumentative statement of what Plaintiff seeks to show to the jury in his case in chief. Plaintiff has not offered any authority to support this instruction either in the ADEA context or elsewhere. For this reason, the jury should not be charged with Plaintiff's Proposed Jury Instruction No. 8.

**Specific Objection to Plaintiff's Proposed Jury Instruction No. 10**

This instruction suggests to the jury that its burden of proof in the entire case is minimal. This is not an accurate statement of the law and will likely mislead and confuse the jury.

**Objection to Plaintiff's Proposed Jury Instruction No. 18**

Plaintiff fails to proffer legal authority for this instruction. The case cited does not address the circumstance where the decision maker is over forty.

**Objection to Plaintiff's Proposed Jury Instruction No. 19**

Defendants object to Plaintiff's Proposed Jury Instruction No. 19 as a "mixed-motive" or *Price Waterhouse* instruction is not appropriate in this case. This type of instruction is only proper where the plaintiff offers "evidence of conduct or statements by persons involved in the decision making process that may be viewed as directly reflecting the alleged discriminatory attitude, and that evidence is sufficient to permit the fact finder to infer that that attitude was more likely than not a motivating factor in the employer's decision . . .." Ostrowski v. Atlantic Mut. Ins. Co., 968 F.2d 171, 182 (2d Cir. 1992); see also, Donovan v. Milk Marketing Inc., 243 F.3d 584, 586 (2d Cir. 2001). That is, this instruction is not appropriate where, as in the instant case, there is no direct evidence of Compass or Orlandi's alleged discriminatory animus. Rather, Hayes proffers anecdotal evidence and conjecture in the hope of showing that he was terminated because of his age. Finally, and as stated by Hayes in his Complaint, plaintiff's position is that

the proffered reason for Hayes' termination, i.e. poor performance and improper conduct, were pretextual and not the true reasons for his termination. However, in a "mixed motive" case, the jury must find both that there are legitimate and illegitimate motives at play. The jury should not be charged on this theory.

**Objection to Plaintiff's Proposed Jury Instruction No. 20**

Defendants object to this instruction because "[t]he ADEA does not provide for compensatory or punitive damages. The only remedies available are make-whole remedies such as back pay, front pay and reinstatement." Hatter v. New York City Housing Auth., 165 F.3d 14, 14 (2d Cir. 1998)(citing Commissioner of Internal Revenue v. Schleier, 515 U.S. 323 (1995)); see also Haskell v. Kaman Corp., 743 F.2d 113, 131 (2nd cir. 1984)(emotional distress damages not available under ADEA). Under the CFEPA, the Plaintiff has the burden of proving beyond a preponderance of the evidence that he has suffered compensatory damages such as for emotional distress. Such an award must be proportionate to the emotional distress that Hayes suffered as a direct result from that discrimination. Any award for emotional problems that the plaintiff had before the event about which he complains would be improper. See Ragin v. Laidlaw Transit, Inc., 1999 WL 977603, *4 (D.Conn. 1999).

**Objection to Plaintiff's Proposed Jury Instruction Nos. 22-24**

Defendants object to Plaintiff's Proposed Jury Instruction Nos. 22-24 on the grounds that punitive damages are not available under the CFEPA. The Second Circuit has not yet decided the issue, however, it is clear that attorneys fees are available to the prevailing plaintiff under the ADEA and that "punitive damages in Connecticut are measured by reasonable attorney's fees and costs." Oliver v. Cole Gift Centers, Inc., 85 F.Supp.2d 109, 112 n.1 (D.Conn. 2000). Therefore, the District Court in Shaw v. Greenwich Anesthesiology Assocs. ruled that the types

4

of damages (attorneys fees and punitive damages) were not cumulative—thereby ruling that because the award for attorneys' fees satisfied the plaintiff's entitlement, the plaintiff was not entitled to double that award in the name of punitive damages. 200 F.Supp.2d 110, 118 (D.Conn. 2002); see also Peckingpaugh v. Post-Newsweek Stations Connecticut, Inc., 1999 WL 334838, *4 (D.Conn. 1999). Plaintiff's citation to a single Connecticut Superior Court is not controlling.

Furthermore, in Proposed Instruction No. 23, plaintiff cites no case law applying this strict punitive damages analysis in the age discrimination context. Because punitive damages are not recoverable under the ADEA, see Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 148 (2nd Cir. 1984), and a plaintiff should not be entitled to cumulative attorneys fees, these instructions are improper.

**Objection to Plaintiff's Proposed Jury Instruction No. 26**

It is unclear from Plaintiff's Proposed Jury Instruction No. 26 whether Plaintiff believes he is entitled to an award of lost wages and benefits under both statutes—that is a double award. However, such a double award is not proper and if the jury finds the Defendants liable for age discrimination, the Plaintiff is only awarded these damages once.

Defendants reserve the right to raise additional objections to these Proposed Jury Instructions to the extent necessary at oral argument.

           COMPASS GROUP, USA, INC. and
           CARY ORLANDI,

           By their attorneys,

           Christopher A. Kenney, Fed. Bar # CT25017
           Margaret H. Paget, Fed. Bar # CT25016
           Sherin and Lodgen LLP
           101 Federal Street
           Boston, MA 02110
           (617) 646-2000

                        - and -

Dated: February 16, 2005

_____
Lawrence Peikes (ct 67913)
Wiggin & Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-03251

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing Defendants' Objections to Plaintiff Timothy Hayes' Proposed Jury Instructions was served on this 16th day of February, 2005, by Federal Express overnight delivery on:

>Stephen F. McEleney, Esq.
>McEleney & McGrail
>363 Main Street
>Hartford, CT  06106

_____
Lawrence Peikes